JAMES HAZLETT AND C. E. DICKEY v. T. M. HARWOOD ET AL.

No. 7012.

1.   Construction of Contract.—A contract authorizing agents to sue and compromise with parties claiming land or land certificates belonging to the principal and giving one-half interest in such land and certificates and authorizing sale thereof by such agents does not apply to land owned by the constituent and not adversely claimed, and as to which no suit or compromise was necessary. This was held against purchasers from the agents, who had no equities against the principal. See facts.

2.   Trust Estate.—Land was conveyed to parties upon an expressed consideration but with parol agreement that one-half was to be held in trust for the grantor. *Held*, the existence of such trust did not prevent the recovery of the land by the grantees against parties not interested in such trust.

APPEAL from Brown.   Tried below before Hon. J. W. Timmons.
The opinion contains a statement.

*Goodwin & Cleveland*, for appellants.—1.   The instrument from Caroline Logan and W. A. and M. J. Taylor to Harrell, Miller & Dowell, commonly called a power of attorney, is, though informal, a deed, and conveys an undivided half of the land therein referred to, including the land in question, to them.   [See opinion.]

2.   If the instrument is a deed, then it can not be annulled or avoided for want of or failure of consideration by plaintiffs, nor can they, not being innocent purchasers for a valuable consideration without notice, recover, if it all, exceeding half the land. . 1 Posey's U. C., 15.

3.   If the instrument is not a deed, but an executory contract, still plaintiffs can not recover, because Miller, Dowell & Harrell performed their contract, and defendants, who are subrogated to their rights, can not be evicted.

4.   The court erred in rendering judgment for plaintiffs for the land in question, because the power of attorney from Caroline Logan and W. A. and M. J. Taylor, being coupled with an interest in the land in controversy, was irrevocable and passed the legal title to the land to said agents Harrell, Miller & Dowell, and constituted them the legal owners of said land; subject to the equitable title of their principals to an undivided half of said land; and said agents having in the name of·

their principals sold and conveyed said land to defendants, said conveyance passed the title of both the principals and said agents to defendants and constituted them the owners as against the principals, Mrs. Logan, W. A. and M. J. Taylor, and plaintiffs, who claim by deed from them, and against said agents, who are estopped from claiming any interest in the land, having conveyed the entire tract in the name of their principals. Little v. Weatherford, 63 Texas, 640; Hough v. Hill, 47 Texas, 148; Cook v. Lindsay, 57 Texas, 67; Cleveland v. Williams, 29 Texas, 204; Hunt v. Administrator, 8 Wheat., 174; Goodwin v. Bowden, 54 Me., 424; Blackstone v. Buttermore, 53 Pa. St., 266.

*Harwood & Harwood* and *A. M. Jackson, Jr.*, for appellees.—1. Whether the instrument executed by Caroline Logan and W. A. and M. J. Taylor to Harrell, Miller & Dowell be treated as a power of attorney coupled with an interest, an executory contract, or a conveyance, it applied by its terms only to such land or land certificates as the agents should obtain for Mrs. Logan and the Taylors, and did not give to said Harrell, Miller & Dowell any claim to or interest in the land in controversey, the title to which was already perfect in Mrs. Logan, and which land was then in her constructive possession, and no one asserting an adverse claim thereto. Mrs. Logan's title was already complete, and the agents did not obtain this land for her. Dev. on Deeds, sec. 369.

2. If the instrument can be held to have any relation to this land, then whether read as a conveyance or as an executory contract no consideration was paid for it, and it was upon conditions shown by the evidence never to have been performed, and therefore no rights ever accrued to Miller & Dowell under it, and it was revocable at pleasure of maker. 1 Encyc. of Law, 445; Id., 444, and authorities cited.

3. The deed to appellants made by Miller & Dowell October 18, 1877, in the names of Mrs. Logan and the Taylors, did not transfer title to appellants even if the power of attorney related to this land. (1) Because said Miller & Dowell were never at any time authorized to convey for any other consideration than money. (2) Because prior to the execution of the deed to appellants Mrs. Logan had conveyed the title to Harwood & Winston. Compress Co. v. Brick Co., 64 Texas, 337; Reese v. Medlock, 27 Texas, 123; McAlpin v. Cassidy, 17 Texas, 461 *et seq.*; Robson v. Watts, 11 Texas, 764.

4. Appellants are not subsequent purchasers in good faith and for value; because (1) if the power of attorney related to the land at all, appellants were by it charged with notice that Miller & Dowell had no authority to convey Mrs. Logan's land in payment of Odom's debt; and (2) because said appellants did not part with a consideration deemed valuable in law when relied on to defeat the equities of third parties. Steffian v. Bank, 69 Texas, 517; McKamey v. Thorp, 61 Texas,

648; Spurlock v. Sullivan, 36 Texas, 511; Bailey & Pond v. Tindall, 59 Texas, 540.

5. The legal title to the land having passed to Harwood & Winston by the deed executed to them by Mrs. Logan, of date October 10, 1877, they can not be defeated in their title by these defendants because of any trust or equities between Harwood & Winston and Mrs. Logan regarding any part of the land, and with which trust the defendants are in no wise connected. Gaither v. Hanrick, 69 Texas, 97, 98; Capt v. Stubbs, 68 Texas, 223, 224; Pilcher v. Kirk, 55 Texas, 208; Fitch v. Boyer, 51 Texas, 348; Johnson v. Timmins, 50 Texas, 537, 538; Shields v. Hunt, 45 Texas, 427, 428.

HENRY, ASSOCIATE JUSTICE.—This suit is with regard to the title of a survey containing six hundred and forty acres of land lying in Brown County, Texas, patented to Greenberry Logan in the year 1853. Logan died in the year 1864, leaving surviving him his wife Caroline Logan his sole heir.

Plaintiffs claim under a deed made by Caroline Logan and W. A. and M. J. Taylor to Harwood & Winston, dated the 10th day of October, 1877, which was in all respects sufficient to convey the title if she then owned it.

The defendants claimed through the following instrument previously executed by the said parties:

"Know all men by these presents that we, Caroline Logan, wife of Greenberry Logan, deceased, and M. J. Taylor, adopted daughter of Greenberry Logan, deceased, who is intermarried with William A. Taylor, all of the county of Gonzales and State of Texas, for and in consideration of the sum of $1 coin to us in hand paid by M. T. Harrell, of Gonzales County, Texas, and W. A. H. Miller and John Dowell, of Travis County, Texas, and for the further consideration of the confidence we repose in the said Harrell, Miller, and Dowell, have this day made, constituted, and appointed them our true and lawful agents and attorneys in fact, with irrevocable power to ask, demand, recover, and obtain for us any and all lands, land certificates, and patents to land belonging to us as the sole heirs at law of Greenberry Logan, deceased, where and wheresoever the same may be found; to sue in our name for the same or to compromise with the outstanding claimants in case the same is better for our interest; and when said lands or land certificates are obtained for us, to sell and dispose of them, or either of them, for such prices and sums of money as to our said agents may seem best for our interests, and to make title in our names unto the purchasers thereof, thus giving and granting unto our said agents full power and authority to do, or cause to be done, any and everything for the carrying out of the purposes of these presents, and all things so done we will warrant and forever defend our said agents and attorneys in the execu-

tion of the same, and whatever may be done by all three of my said agents and attorneys may be done by any two of them. And further, in consideration of the above services and money paid, we have this day, and do by these presents, make, deed, convey, and give to our said agents and attorneys a one-half undivided interest in all the lands or land certificates they or either of them obtain for us, and this is their deed for the same. Witness our hands and scroll for seal, this 16th day of March, A. D. 1875."

The evidence shows that the tract of land in controversy was unoccupied and unclaimed by any person adversely to Caroline Logan; that there was no controversy about her title, and that no act was done or required to be done to secure for her either the title or possession of the land.

What was done in pursuance of said instrument by the grantees therein is stated in the testimony of Miller substantially as follows. He said:

"My recollection now is that Dowell, Harrell, and myself found a six hundred and forty acres tract in Brown County and a three hundred and twenty acres tract in Callahan. I know we found where it was located, and recorded our power of attorney and claimed the land, and I bought the interest of Dowell and Harrell. We found the six hundred and forty acres tract and reduced it to constructive possession by placing our power of attorney upon record. We ascertained where the land was situated by examining abstracts and land records. There was no one in possession of or claiming the land adversely that we ever heard of, and we never took actual possession of it. I do not remember what our expense was, but it was small. It was for copies of papers and recording fees. I learned from M. T. Harrell that Caroline Logan did not know that there was any land in Texas owned by her as the widow of Greenberry Logan. I think, but am not sure, that I paid the taxes for about two years."

On the 18th day of October, 1877, by a deed signed "Caroline Logan, by W. A. H. Miller and ———, her attorneys," and by William A. Taylor and Margaret J. Taylor, by their attorneys, W. A. H. Miller and John Dowell, the land now in controversy was, by a sufficient description and for the expressed consideration of $1350, conveyed to Charles E. Dickey and James Hazlett, who were the defendants in the court below.

In fact the land was contracted to be conveyed by the agents who signed the deed to one Odom for the consideration of $750, and by his direction the deed, instead of being made to him directly, was made to Hazlett and Dickey in satisfaction of a judgment held by them against him. No money consideration was paid by the grantees, nor was the $750 or any other consideration ever paid by Odom to the vendors.

The deed made by Caroline Logan to Harwood and Winston was absolute in form and for the expressed consideration of $250, but there existed between the parties a parol agreement that the land should be sold by the vendees and that one-half of the proceeds should be appropriated to specified purposes, designated by and for 'the benefit of Caroline Logan, the vendor.

This suit was brought by Harwood and the heirs of Winston to cancel the power of attorney to Harrell and others, and to remove the cloud cast upon their title by said power of attorney and the deed.

It appears that Hazlett & Dickey had no notice of the deed to Harwood & Winston when the land was conveyed to them.

There exist questions as to whether the deed to Hazlett & Dickey conveyed any title from Caroline Logan, on account of the fact that but one out of the three attorneys named actually signed the deed as her agent, and because the only consideration actually paid for the land was not in money. But under the view taken by us of the case it does not become important for us to consider those nor other questions presented in the brief of appellants' attorneys, one of which relates to the irrevocability of the power of attorney.

The instrument styled a power of attorney, while it can not be treated as a deed for any particular land because it describes none, is yet something more than a mere power of attorney, and may be treated as a contract to convey the legal title to any land to which it can be held to apply, and upon proof of compliance by the grantees with their part of the agreement it in connection with such proof of compliance would be evidence of an equitable title in them or their vendees to an undivided one-half interest in any lands to which such proof applies. The instrument, however, does not purport to either give to the grantees an agency over or to convey to them all of the land owned by Caroline Logan as an heir of Greenberry Logan or otherwise.

The lands to which the agency applies are such only as should be "asked, demanded, recovered, or obtained" for her. How that was to be done and why it was to be done are shown in immediate connection with the use of said words in the direction that the things enumerated might be done—by "suing in our name for the same, or by compromising with outstanding claimants in case the same is better for our interest; and when said lands or land certificates are obtained for us, to sell and dispose of them or either of them," etc.

The lands to which the conveying clause of the instrument applies, instead of being any and all lands owned by the grantor as such heir, are described and limited to "lands or land certificates they or either of them *obtain* for us."

The land in controversy was constructively in the possession of Caroline Logan as the owner of the fee. It required neither a suit, a com-

promise, nor any other act to obtain it for her. The grantees in the power of attorney did nothing in the way of asking for it or demanding it, because there was nobody to ask or of whom to make demand. They did not recover or obtain it for their grantor, because it was already as fully in her possession and under her dominion as it was capable of being without its actual occupancy, and the grantees never pretended to take actual occupation of it, even if that alone would have operated under the instrument to confer title upon them, which it is our opinion it would not have done.

It certainly can not be held that ascertaining the locality of the land through the instrumentalities of abstracts of titles and the Land Office records, joined with paying taxes on it for two years, if indeed they did pay them, and procuring a copy of the patent, and causing their own power of attorney to be recorded, and finding a purchaser for the land who paid nothing, and making a deed to vendees who paid only by canceling a judgment against one of their debtors, with which Mrs. Logan had no connection, were the considerations for which she either conveyed or bound herself to convey a one-half interest in the land.

We do not think that the instrument dated the 16th day of March, 1875, by its own terms or when aided by the most liberal interpretation of the evidence in the cause, shows that it either as a power of attorney or as a contract to convey embraced the land in controversy, nor do we think that the deed made to appellants conveyed to them any interest in said land.

The deed from Caroline Logan to Harwood and Winston had the effect of investing them with the legal title to the whole of the land which was held at the time of the trial by the plaintiffs in the suit. The fact that an undivided one-half of the title is held by them upon certain trusts with which the defendants have no connection and in which they have no interest, can not be held to have the effect of denying to plaintiffs the right to recover the whole of the land and to have a decree canceling the power of attorney and removing the cloud cast upon the title held by them by the deed to appellants. The removal of the cloud is as much necessary to enable the plaintiffs to execute the trust confided to Harwood and Winston as it is to enjoy their own interest in the property.

The judgment is affirmed.

*Affirmed.*

Delivered April 14, 1891.