### MRS. V. A. TAYLER v. M. P. TAUL ET AL.

#### No. 354.

1. **Power of Attorney With Conveyance.**

An instrument empowered Tayler "to demand, sue for, recover, or enter into and take possession" all lands in Texas (except in Montgomery County) to which the constituents were entitled as heirs of James K. Brown, conveying to him one-half of all the lands, etc., * * * "leaving to us our one-half of all of the said lands and land claims described and contemplated in this power of attorney, as aforesaid, free from any and all expense." Tayler died in 1890, and had done nothing under the power. In an action by Tayler's widow for the half of a 640 acres tract which was claimed under said instrument, *Held,* that the contract was executory, not vesting in Tayler on its delivery any title to any of said lands, but giving him the right to acquire title to one-half of such lands as he might, in pursuance of the powers therein conferred, demand, sue for, recover, or reduce into possession. Tayler having done nothing towards acquiring this land, the plaintiff could take nothing by her suit ........................668, 669

2. **Contemplated—Described.**

The words in the instrument "*contemplated* in this power of attorney," have a more restricted meaning than "lands *described* in this power;" and do not include any of the lands except such as the agent after the execution of the power might exercise the agency upon, i. e., such as he might recover or take possession of ........................................................... 669

ERROR to Court of Civil Appeals for Second District, in an appeal from Bosque County.

The instrument upon which the plaintiff in error rests for title is set out in the opinion. It was a power of attorney irrevocable, authorizing the attorney to recover lands in Texas, and giving one-half interest therein. The contract bore date June 26, 1876. The land in controversy was sold for taxes, and in 1883 the constituents, through other agents, recovered the land at their own expense. Tayler did nothing under the power, and died in 1890. Suit was brought in 1892 by Tayler's widow, who is plaintiff in error, for one-half of a 640 acres tract which the constituents owned at date of the power. Judgment for the defendants was rendered in the District Court, and it was affirmed by the Court of Civil Appeals.

In the application for writ of error it is complained, that the Court of Civil Appeals erred in its construction of the instrument, in holding "that the land, an interest in which was conveyed to Tayler, was such as he might demand, sue for, recover, or enter upon and take possession of at his own expense, for the Wades (the constituents); and in not holding that said instrument conveyed to Tayler a one-half interest in *all such lands, tenements, hereditaments, and real estate* whatsoever in the State of Texas (except that in Montgomery County) whereof or whereto we (the grantors) are entitled, interested in, or have any claim to as heirs of James K. Brown; the same being real estate, and claims to the same, described and contemplated by the power of attorney," which includes the land sued for.

*M. Surratt* and *J. R. Downs*, for plaintiff in error.—The conveying clause in the power of attorney from Frank D. and Annie B. Wade was an executed contract without conditions precedent or subsequent, and conveyed absolute title to one-half of all the lands described to W. A. Tayler.   Railway v. Titterrington, 84 Texas, 218; Harlowe v. Hudgins, 84 Texas, 111; Henderson v. Beaton, 1 Posey's U. C., 17; Schleicher v. Gatlin, 85 Texas, 277; Hazlett & Dickey v. Harwood, 80 Texas, 508.

*S. H. Lumpkin, J. A. Gillette,* and *James M. Robertson,* for defendants in error.—The power of attorney to W. A. Tayler under which appellant claims title, is a power of attorney coupled with an interest in that which is to be produced by the exercise of the power, and it is not a power of attorney coupled with an interest in the thing, and therefore is and was revocable.   Daugherty v. Moon, 59 Texas, 397; Hunt v. Rousmanier, 8 Wheat. (U. S.), 177; Hartley v. Minors, 91 Am. Dec., 208; Blackstone v. Butlermore, 91 Am. Dec., 209; Brookshire v. Brookshire, 47 Am. Dec., 341, and notes 1–7; Hazlett v. Harwood, 80 Texas, 508; Dull v. Blum, 68 Texas, 299; Simpson v. Carson, 11 Ore., 361.

DENMAN, ASSOCIATE JUSTICE.—This is an action of trespass to try title, brought by plaintiff in error against defendants in error, for an undivided one-half interest of 640 acres of land, patented to James K. Brown, September 28, 1848, which land was owned by Frank D. Wade and Annie Brown Wade on the 26th day of June, 1876, "as heirs of said James K. Brown, deceased." Plaintiff in error claims the half-interest sued for under the following instrument:

"THE CITY OF ST. LOUIS,  ⎱
    "State of Missouri.     ⎰

"Know all men by these presents, that we, Frank D. Wade and Annie Brown Wade, the only heirs of James K. Brown, deceased, have made, constituted, and appointed, and by these presents do make, constitute, and appoint W. A. Tayler, of the County of McLennan, State of Texas, our true and lawful agent and attorney in fact, with full power for us and in our names to demand, sue for, recover, enter into and take possession of all such lands, tenements, hereditaments, and real estate whatsoever in the State of Texas, whereof or whereto we are by any ways or means or in any manner whatsoever entitled or interested, or have any manner of claim to, either in severalty or jointly or in common with any other person or persons as heirs of the said James K. Brown, deceased, save and except any and all lands that we may own or have an interest in, situated in the county of Montgomery, State of Texas, which are especially reserved and retained out of and from this power of attorney, with like power to demand, sue for, and recover and take possession or control that may be found in all land claims, title papers, or other instruments or evidence of title or claim to lands, tenements, real estate, or any interest in the

State of Texas, except the lands in Montgomery County, Texas, as aforesaid, to which we are entitled by virtue of our said heirship of the said James K. Brown, deceased. And we further authorize our said attorney to institute, prosecute, or defend any and all suits or other legal proceedings whatever, in law or equity, that we may think necessary in recovering the possession of or establishing our rights and titles to, or removing clouds from title of such lands, real estate, land claims, or evidences of title or claims to the same as we may be entitled by virtue of our said heirship, save and except the lands in Montgomery County, as aforesaid; and further, to compromise, compound, or settle at his discretion any adverse or conflicting claim or claims to any such land, real estate, or land claims to which we are in any way interested in the manner aforesaid. And finally to do, execute, and perform any and all things that may be necessary or proper in and about the premises as fully as we could do if we were present and acting for ourselves in person. And also to make and substitute an attorney or attorneys under him for any or all the purposes aforesaid, and again at pleasure to revoke same.

"And in consideration of the services of our attorney to be performed as aforesaid, that the said W. A. Tayler is to have and retain to himself and to his own use and benefit, and we hereby convey and deed to the said W. A. Tayler, one-half of all the lands, real estate, and claims to the same described and contemplated in this power of attorney, and this is our conveyance to our said attorney for the said one-half interest. But it is understood in this conveyance, that our said attorney, the said W. A. Tayler, shall pay all the expenses of every kind whatsoever incurred in and about the premises, leaving to us our one-half of all the said lands, real estate, and land claims described and contemplated in this power of attorney, as aforesaid, free from any and all expense.

"And this power of attorney shall not be and can not be revoked, amended, or countermanded, not even by the death of either or all of us, but it is intended to be and shall be irrevocable. And we and each of us do hereby revoke any and all other powers of like import with this power, executed by us or either of us, and all other powers inconsistent herewith, save and except such as may refer to the said land in Montgomery County, Texas.

"In testimony of all of which, we hereto sign our names and affix our seals, this the 26th day of June, A. D. 1876.

"Frank D. Wade,      [Seal]

"Annie Brown Wade."    [Seal]

W. A. Tayler died in 1890, and up to the filing of this suit, in 1892, neither said Tayler nor any one claiming under him took any steps "to demand, sue for, recover, or enter into and take possession of said land," as authorized by said instrument, or did any other act in pursuance of same. In the meantime, the land having been sold for taxes,

the makers of said instrument having appointed other agents, through such agents redeemed the land for taxes, in 1883, at a cost of $100, and thereafter, by various instruments, conveyed the land to defendants in error, who seem to have gone into possession and improved same before Tayler's death.

The question to be determined is, whether said instrument is an executed contract, whereby, upon its delivery, the legal title to one-half the lands owned by the Wades, as heirs of Brown, vested in Tayler, *without any further action on his part,* as contended by plaintiff in error; or whether, as contended by defendants in error, it is an executory contract, not vesting in Tayler upon its delivery any title to any of said lands, but giving him the irrevocable right to acquire title to one-half of such of them as he might, in pursuance of the powers therein conferred, demand, sue for, recover, or reduce to possession.

In Dull v. Blum, 68 Texas, 299, Justice Gaines delivering the opinion of the court, it was held, that an instrument in the form of a deed purporting to convey to the grantee 320 acres of the upper half of a large tract, to be taken in a rectangular shape out of any one of the four corners of the tract which the grantee might select, was an executory contract, not vesting any title in the grantee, but conferring upon him "a mere equitable right to make the selection and compel a conveyance of the tract so chosen by him."

In Hazlett & Dickey v. Harwood, 80 Texas, 508, Justice Henry delivering the opinion of the court, it was held, that an instrument in many respects similar to the one before us, "could not be treated as a deed for any particular land, because it described none," but "that it might be treated as a contract to convey the legal title to any land to which it can be held to apply, and upon proof of compliance by the grantees with their part of the agreement, it, in connection with such proof of compliance, would be evidence of an equitable title in them or their vendees to an undivided one-half interest in any lands to which such proof applies."

In each of these cases, the application of the instrument to any particular land depended not upon the construction of the instrument by the court, but upon some future action by the grantee under and in pursuance of the same, bringing the land within its terms. The necessity of this future action was sufficient to render the contracts executory.

The granting clause in the instrument before us reads: "Tayler is to have and retain to himself and to his own use and benefit, and we hereby convey and deed to the said Tayler, one-half of all the lands, etc., described and contemplated in this power of attorney." The words "lands *described* in this power of attorney," if left standing alone, would have included all lands in any part of Texas, except Montgomery County, owned by the Wades as heirs of James K. Brown, and would have required no further act on the part of Tayler to have brought them within the purview of the instrument. The words "lands *contemplated* in this power of attorney," have, however, a more restricted

signification, and do not include any of the lands claimed or owned by the Wades as heirs of Brown, except such as the agent, Tayler, might, after the execution of the power of attorney, exercise the agency conferred by the instrument upon. We think this apparent from the entire instrument, for there does not appear to have been any reason for a conveyance by the Wades to Tayler of any lands, except such as he might exercise such agency upon, the contemplated exercise of such agency being the sole consideration prompting the Wades to the execution of the instrument, and the words "is to have," used in said granting clause, indicating that Tayler's title was to be a future acquisition, and the words "retain to himself" indicating that he should first acquire and then "retain." Thus we have in said granting clause the two words "conveyed" and "contemplated;" the first limiting the word "lands" to all those situated in Texas, except Montgomery County, inherited by the Wades from Brown, and the second limiting them further to such of those lands as the agent might, after the execution of the power, exercise the agency upon. A proper construction of the instrument requires us to give effect to both of said words, and this limits the agent's rights to such of those lands as may have been by him subjected to his agency after the execution of such instrument. This brings the instrument within the principle of the two cases above cited, and determines it to be an executory contract. It being an executory contract, requiring the rendition of some service contemplated by the agency, in order to confer upon the agent any interest in any particular lands, and there being no evidence in this record that the agent, Tayler, or any one acting for him, ever attempted to exercise the agency conferred by said instrument upon this particular land, we are of opinion, that plaintiff in error has not shown that she was entitled to any interest therein.

The judgments of the trial court and Court of Civil Appeals, denying her a recovery, are therefore affirmed.

*Affirmed.*

Delivered November 25, 1895.