# APRIL, 1904.

F. T. Garner et al. v. John T. Boyle et al.

Decided April 4, 1904.

**1.—Innocent Purchaser—All Grantor's Separate Property—Unrecorded Deed.**

A power of attorney authorizing the grantee to sue for and recover and conveying to him, for past and prospective services in so doing, one-half interest in all lands in the State "belonging to the separate estate of" the grantor, was sufficient to support his claim as an innocent purchaser of and to vest title in him to one-half of all lands appearing of record in the name of grantor as her separate estate, as against one claiming the same under an unrecorded deed previously made. (Pp. 463-465.)

**2.—Same.**

The conveyance of all property "belonging to the separate estate of" the grantor, distinguished the land conveyed from that which might belong to her husband and did not except from the operation of the deed lands previously conveyed by her by a deed not recorded. (P. 465.)

**3.—Same—Case Distinguished.**

Patrick v. Badger, 41 S. W. Rep., 539, distinguished as involving effect of parol contract for sale of land, from present case. (P. 465.)

Question certified from the Court of Civil Appeals for the First District, in an appeal from Harris County.

*Mark G. Fakés,* for appellants.—The court erred in holding the law to be for the defendants, in that in no event could defendant John T. Boyle, under his power of attorney, take an interest of any nature whatever paramount to the legal and equitable holders under the trust deed made to plaintiff Garner by plaintiff Mrs. A. M. Paschal. Rev. Stats., art. 4640.

The court erred in holding the law to be for the defendants, in that defendant McMurry under his chain of title, was not an innocent purchaser, but was charged with notice of all outstanding claims and equities. Culmell v. Borroum, 13 Texas Civ. App., 458; Huff v. Crawford, 89 Texas, 214; Harrison v. Boring, 44 Texas, 256; Batts' Stats., art. 4640; Morton v. Lowell, 56 Texas, 643; Caruth v. Grigsby, 57 Texas, 265.

Regardless of the deed made by Boyle to him, McMurry must stand or fall by the power of attorney; the instrument is no deed, not even a quitclaim, simply a power coupled with an interest. McMurry can claim no more than Boyle; what binds one binds the other. As stated in Caruth v. Grigsby, he is charged with notice of the facts patent upon the face of his title. If Boyles had taken an interest, the same would have been a trust in his hands dependent on his future acts,—on his carrying out the terms of the power. His grantees would stand in the same position; as the power would, on its face, give him notice of the trust, he would be estopped from pleading lack of notice. As a matter of fact Boyle took nothing; his grantee holding under the power of attorney

took nothing. McMurry could not claim the benefit of an innocent purchaser if he had bought under a general warranty deed. But, in truth, his deed from Boyle is but a quitclaim, as set out in the undisputed facts. McMahan, his agent, wrote it and made the trade; it was all left to him. He says he took a quitclaim of Boyle's interest. An unrecorded deed is valid save as to creditors and innocent purchasers against the world.

The court erred in refusing the relief prayed for by the plaintiffs, in that, irrespective of aught else, the overwhelming preponderance of evidence adduced showed that defendant Boyle had actual knowledge of the outstanding trust deed.

The court erred in refusing the relief prayed for by the plaintiffs, in that, under the law and facts adduced in evidence, McMurry had knowledge and was charged with knowledge of the outstanding trust in favor of the Garner minors at the time he purchased from Boyle.

The court erred in refusing the relief prayed for by the plaintiffs, in that the evidence adduced shows that defendant McMurry knew that his codefendant Boyle had utterly failed to carry out the terms of the power of attorney.

*Otto Pape,* for appellee John T. Boyle.—The defendant Boyle acquired a valid title to an undivided one-fourth interest to the lands in controversy by his power of attorney, coupled with an interest, of date July 8, 1901, for the reason that the granting clause in said instrument is an absolute deed.

John T. Boyle having performed all the duties incumbent upon him, in accordance with his power of attorney, without notice or knowledge, actual or constructive, of the alleged trust deed, the title to his interest in said land vested in him absolutely by virtue of said power, notwithstanding the alleged trust deed; the same showing to have never been recorded and no notice given of its existence prior to the time of the performance of services, no title vested in appellants by virtue of said trust deed that would affect the interest of said Boyle.

The title to the property having passed to Boyle under his chain of title, he was an innocent purchaser for value, without notice, and whatever notice, if any, the defendant McMurry had, regarding the alleged trust deed, could not affect defendant Boyle's interest, it not having been shown that it was ever communicated to him.

Mrs. Paschal was not entitled to relief prayed for, for the reason that Boyle, having expended sums of money, as shown by the evidence, in clearing of the title, his interest had vested in him, and in so far as other lands were concerned the power of attorney had been revoked by power given to Clifford. The evidence does not show that defendant Boyle had any knowledge of this outstanding deed of trust until after he had performed all the services under his power of attorney and after the conveyance to McMurry.

*P. E. McMahon* and *McKinney & Hill,* for appellee McMurray.—The title to the land in controversy in this case passed to the appellee Boyle by virtue of the power of attorney, of date July 8, 1901, from Mrs. A. M. Paschal and husband to said Boyle. Hennessee v. Johnson, 13 Texas Civ. App., 533.

The title to the premises described in the power of attorney passed thereby to the said Boyle, notwithstanding the alleged trust deed, because the evidence shows that Boyle had no notice or knowledge of said alleged trust deed until after the execution of said power of attorney and until after he had rendered the services therein stipulated to be performed by him. Barnes v. Hardeman, 15 Texas, 369; Moore v. Curry, 36 Texas, 670; Bryant v. Buckner, 2 S. W. Rep., 455.

The appellee Boyle having acquired a good title to the premises described in said power of attorney, his interest therein passed to his vendee, McMurray, by his said deed to McMurry, whether said deed was a quitclaim deed or not, and whether McMurray was an innocent purchaser for value or not, inasmuch as a quitclaim deed passes the vendor's interest to the vendee. Richardson v. Levi, 67 Texas, 363; Flaniken v. Neal, 67 Texas, 634.

The deed from Boyle to McMurry, although it does not contain covenants of general warranty, was not a quitclaim deed, inasmuch as the said deed purports to convey an interest in the land described therein and the evidence in the case as well as the terms of said deed conclusively show that it was the intention of the parties thereto that the land itself was to be conveyed thereby, and not a mere chance of the title. Harrison v. Boring, 44 Texas, 255; Taylor v. Harrison, 47 Texas, 460; Richardson v. Levi, 67 Texas, 363; Garrett v. Christopher, 74 Texas, 454; Laughlin v. Tips, 8 Texas Civ. App., 652.

The appellee McMurry was an innocent purchaser for value of the premises in controversy in this case, without notice or knowledge of said alleged trust deed, or the rights claimed by the grantees therein, or either of them.

The testimony in this case shows that the said Boyle did not have notice or knowledge of said alleged outstanding trust deed until after he had fully performed the services stipulated for in his said power of attorney, and until after he had conveyed the premises in controversy to the appellee McMurry.

The appellee McMurry had neither knowledge or notice, nor was he charged with knowledge or notice of said alleged trust deed, by reason of any fact established by the evidence in this case, at or before the time he purchased the premises in controversy herein from the appellee Boyle, or at or before the time he paid the purchase money therefor.

The evidence in this case did not show that the appellee Boyle had failed to perform any duty incumbent upon him by reason of said power of attorney, or if he did so, that the appellee McMurry had notice or knowledge of such failure.

BROWN, ASSOCIATE JUSTICE.—This is a certified question from the Court of Civil Appeals of the First Supreme Judicial District. The statement and question are as follows:

"In the above styled cause pending in this court on appeal from the District Court of Harris County, the record shows that on January 8, 1901, appellant, Mrs. Anna M. Paschal, joined by her husband, executed and delivered to appellee, John T. Boyle, the following power of attorney:

" 'State of Texas, County of Harris. Know all men by these presents: That we, Annie M. Paschal, joined by her husband, John S. Paschal, residents of the city of Houston, Harris County, Texas, have made, constituted and appointed, and by these presents do make, constitute and appoint John T. Boyle our true and lawful attorney for us, and in our name, place and stead, to ask, demand, recover and receive all and any lots, parcels or tracts of land, located and situated in any county in the State of Texas, belonging and being the separate property of Annie M. Paschal; and we do hereby authorize our said attorney to institute in our name any and all suits that may be necessary to be instituted in that behalf, giving and granting to our said attorney full power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done in and about the premises, as fully to all intents and purposes as we might or could do if personally present, hereby ratifying and confirming whatsoever our said attorney shall and may do by virtue hereof in the premises.

" 'And we do hereby agree and by this instrument hereby bargain, grant, sell, alien and convey a one-half interest in and to all these certain lots, parcels or tracts of land, located and situated in any county in the State of Texas, belonging to the separate estate of Annie M. Paschal, said interest being transferred and conveyed for the services heretofore rendered and hereafter to be rendered by the said John T. Boyle; it being expressly understood that the said John T. Boyle will personally be responsible and pay all expenses connected with the recovery of said lands.

" 'Witness our hands at Houston, this the 8th day of July, A. D. 1901.

(Signed)    " 'JOHN S. PASCHAL.<br>" " 'ANNIE M. PASCHAL.'

"At the time this power of attorney was executed Mrs. Paschal claimed to own various tracts of land in Polk and San Jacinto counties, including the land in controversy in this suit. The deed records of San Jacinto County where the land in controversy is situated, showed the title to be in Arthur P. Garner, deceased, and Mrs. Paschal, as the heir of said Garner, became the owner of same as her separate estate.

"There were conflicts in the boundary lines of this land and adjoining

surveys, and the owners of said adjoining surveys were asserting claims to the land adverse to Mrs. Paschal. Acting under said power of attorney, Boyle went to San Jacinto County and had the land claimed by Mrs. Paschal surveyed and its boundaries established and secured quitclaim deeds from the adverse claimants which he placed upon record. In addition to the labor and time expended by him in clearing Mrs. Paschal's title to the land in controversy and other lands claimed by her, he incurred expenses in the sum of $1000 or more, which he paid. After clearing Mrs. Paschal's title to the land in controversy he sold and conveyed the one-half interest therein conveyed to him by the power of attorney to the appellee McMurry. The deed from Boyle to McMurry is not a quitclaim but a conveyance of the land, and the cash consideration of $400 recited in the deed was paid by the vendee.

"In 1895 Mrs. Paschal conveyed all of the land owned by her in Polk and San Jacinto counties to appellant, F. T. Garner, in trust for the use of the then minor children of the vendor, who are also appellants herein. This deed was not placed upon record until 1902, some time after the conveyance from Boyle to McMurry. Neither Boyle nor McMurry had any notice of this conveyance or of any claim to the land by the trustee or beneficiaries in said trust deed until after McMurry had purchased the land.

"This suit was brought by Mrs. Paschal and her husband and F. T. Garner and the beneficiaries in said trust deed against Boyle and McMurry to cancel the power of attorney and the deed from Boyle to McMurry and recover the land thereby conveyed. The defendants filed separate answers and each pleaded that he had purchased the land for a valuable consideration and without any notice of appellant's claim.

"This court on the 10th day of December, 1903, affirmed the judgment of the court below in favor of defendants on the ground that the appellee Boyle, having performed his contract under the power of attorney without any notice of the claim of appellants under the unrecorded deed, could hold the interest in the land conveyed to him by the power of attorney as an innocent purchaser. On the 7th day of January, 1904, we overruled a motion for rehearing, but our attention having since been called to the decision of this court in the case of Patrick v. Badger, 41 S. W. Rep., 539, we have set aside our order overruling the motion for rehearing and respectfully certify for your decision the following question:

"Do the facts in this case support the defendants' pleas of innocent purchaser?"

We answer the question in the affirmative.

The services rendered by Boyle under the contract constituted a valuable consideration sufficient to support the plea of innocent pur-

chaser as to the land in question, there being no notice actual or constructive to him of the former conveyance.

The second paragraph of the contract conveyed to Boyle an undivided one-half interest in all the lands, lots, etc., in the State of Texas, "belonging to the separate estate of Annie M. Paschal." The conveyance took effect upon its delivery and was not executory in its character of a conveyance. Witt v. Harlan, 66 Texas, 660; Taylor v Taul, 88 Texas, 665. The phrase, "belonging to the separate estate of Annie M. Paschal," was intended to and did distinguish the land conveyed from that which might belong to her husband, and did not have the effect to qualify the conveyance. If the conveyance had been of the entire interest of all lands in Texas, the case would be strictly within the authority of Witt v. Harlan, before cited, in which all of the lands were conveyed, and this court held that it was operative to pass the entire title to all of the land that the party had in this State. There can be no substantial difference in the legal effect of a deed which conveys an undivided one-half and another that conveys the whole, except as to the quantity of land conveyed.

Under article 4640, Revised Statutes, all conveyances of land that are not recorded as required by law are void as to subsequent purchasers for value without notice. To Boyle all land which the record showed to be the property of Mrs. Paschal was land belonging to her "separate estate" unless a conveyance from her appeared upon the record, or a knowledge of it was otherwise brought home to him. Such deed being void as to him was as if no deed had existed. White v. Frank, 91 Texas, 72; Hitchler v. Scanlan, 15 Texas Civ. App., 40. There being nothing in the terms of the conveyance which indicated that Mrs. Paschal might have sold any of her lands in Texas and nothing to suggest to Boyle that her title, as it appeared upon the record, was not true and correct, the conveyance had the effect to vest in him one-half interest of all the land which the record showed to belong to her at the time. In Patrick v. Badger, 41 S. W. Rep., 539, referred to by the court in the certificate, the honorable Court of Civil Appeals held that the claim of innocent purchaser could not be maintained under a verbal contract for the sale of the land because it could not be superior to a quitclaim deed. That case was rightly decided and does not conflict with our answer to this question.

Associate Justice Williams not sitting.