## BRYAN et al. v. TEXAS LIFE INS. CO. et al.    (No. 6496.)*

(Court of Civil Appeals of Texas. Austin. Dec. 13, 1922. Rehearing Denied Feb. 14, 1923.)

1. **Vendor and purchaser ⬅233—Law, making conveyances of land void as to subsequent bona fide purchasers without notice unless recorded, includes such instruments made to or for benefit of minors.**

Rev. St. art. 6824, providing that all conveyances of land shall be void as to all subsequent purchasers for valuable consideration without notice, unless they shall be acknowledged or proved and filed with the clerk to be recorded as required by law, includes such instruments made to, or for the benefit of minors, the consideration for which was paid out of the separate estate of such minors.

2. **Constitutional law ⬅70(3)—Unwise act of Legislature no justification to read nonexisting exception into law.**

That a court may be of the opinion that to construe a law as plainly written by the Legislature would convict that body of enacting an unwise law affords no justification for the court to read into the law an exception which the Legislature has failed to place therein.

Appeal from District Court, McLennan County; Jas. Alexander, Judge.

Action by Rosa Amelia Bryan and others against the Texas Life Insurance Company and others. From a judgment for defendants, plaintiffs appeal. Affirmed.

R. L. Henderson and Robert H. Rogers, both of Waco, for appellants.

J. W. Cocke, of Waco, for appellees Waco Co. and others.

Kyle Vick and S. E. Stratton, both of Waco, for appellee Texas Life Ins. Co.

KEY, C. J. This is a case of trespass to try title to a house and lot in the city of Waco. On September 8, 1909, Mrs. Connie Hawkins, wife of B. F. Hawkins, was the duly qualified and acting guardian of her minor children, Conway King and Rosa Amelia King, now Rosa Amelia Bryan. On the date referred to, Mrs. Hawkins, with the separate means of her minor children, bought from H. A. Bruyere the lots sued for, and had them conveyed to Conway King and Rosa Amelia King. The deed by which such conveyance was made was not recorded until March 12, 1920. On the 21st day of February, 1913, H. A. Bruyere, at the solicitation of B. F. Hawkins, the husband of Mrs. Connie Hawkins, executed and delivered to him a second deed to the same property, conveying the same to him and his wife, Connie Hawkins. That deed was recorded March 7, 1913. At that time the lots were uninclosed and unoccupied, and Mr. and Mrs. Hawkins desired to build a house upon them. After some negotiations, Mr. and Mrs. Hawkins made a contract with the Waco Company, by which the latter agreed to build a house on the lots referred to. By an arrangement between the Waco Company and the firm of Brame & Campbell, who were contractors, the latter built the house referred to. In order to secure the building of the house, B. F. Hawkins and his wife executed and delivered to the Waco Company their promissory notes, aggregating $4,000, and secured by a mechanic's lien and deed of trust on the lots. Before entering into that contract, the Waco Company had the title to the lots examined by a Mr. Ewing, an attorney, who reported the title to be in Hawkins and his wife. About the time the house was completed, $2,560 of these mechanic's lien notes were in due course of business regularly sold, transferred, and assigned to appellee, Texas Life Insurance Company, and a written instrument, assigning the notes and the lien securing the same, was at the same time executed and delivered to the Texas Life Insurance Company, Before purchasing the notes, the life insurance company had the title examined by Mr. Ewing, and he reported that it was good, and that the notes were secured by a valid lien thereon. B. F. Hawkins and his wife never paid the notes purchased by the Texas Life Insurance Company, nor any interest thereon, except the sum of $308.95, which approximately covered the interest accruing for the first 18 months.

The Texas Life Insurance Company sued B. F. Hawkins and his wife on its debt, and for a foreclosure of its lien, and on March 5, 1918, secured a judgment for the same, which amounted, in the aggregate, to $3,838.80. That judgment embraced a foreclosure of the lien against B. F. Hawkins and his wife, and also against John D. Mayfield, who had purchased the remainder of the mechanic's lien notes, and was made a party to that suit. On November 5, 1918, the property was sold under that judgment, and bought in by the Texas Life Insurance Company; and the sheriff executed to that company a deed conveying the property, which deed was recorded December 13, 1918.

Conway King and Mrs. Rosa Amelia Bryan, a feme sole, brought suit to recover the property referred to. The Texas Life Insurance Company and certain others were made defendants, and, after hearing the testimony as set out above, together with the evidence relating to the question of innocent purchaser, the trial court instructed the jury to return a verdict in favor of the defendant Texas Life Insurance Company for title and possession of the premises in question, which was done, and from the judgment rendered there-

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error dismissed for want of jurisdiction March 28, 1923.

on the plaintiffs have appealed, and assigned error upon the action of the court in giving that instruction

[1] The Texas Life Insurance Company contends that the charge referred to was proper, because the undisputed testimony shows that both the Waco Company and the Texas Life Insurance Company were entitled to protection as innocent purchasers. Without passing upon any other question, we sustain that contention in so far as the Texas Life Insurance Company is concerned. In other words, and without setting out in detail all of the testimony contained in the record, we hold that the undisputed proof shows that the Texas Life Insurance Company purchased the notes and lien which form the basis of its suit, and resulted in the foreclosure sale under which it holds before maturity, without notice, and for a valuable consideration. It is true that appellants had the older title, and if it had been recorded before the Texas Life Insurance Company acquired its rights, the latter would not be entitled to protection as an innocent purchaser, and the claim of appellants should prevail. However, it is contended on behalf of appellants that, inasmuch as they were minors at the time the Texas Life Insurance Company acquired its rights, the latter should not be protected as an innocent purchaser. Article 6824, Revised Statutes of this state, reads as follows:

"All bargains, sales and other conveyances whatever, of any land, tenements, and hereditaments, whether they may be made for passing any estate of freehold of inheritance or for a term of years; and deeds of settlement upon marriage, whether land, money or other personal thing; and all deeds of trust and mortgages shall be void as to all creditors and subsequent purchasers for valuable consideration without notice, unless they shall be acknowledged or proved and filed with the clerk, to be recorded as required by law; but the same as between the parties and their heirs, and as to all subsequent purchasers, with notice thereof or without valuable consideration, shall nevertheless be valid and binding."

[2] That statute has been in existence for many years, and it will be noted that it declares that—

"All bargains, sales and other conveyances whatever, of any land * * * and all deeds of trust and mortgages shall be void as to all creditors and subsequent purchasers for valuable consideration without notice, unless they shall be acknowledged or proved and filed with the clerk to be recorded as required by law."

The language, "all bargains, sales and conveyances whatever," and "all deeds of trust and mortgages shall be void as to all creditors," etc., is very broad and comprehensive, and will include such instruments made to or for the benefit of minors as well as other persons, unless the courts, by judicial construction, read into the statute an exception which the Legislature has not seen proper to place therein. While it may be true that, if such an exception had been incorporated in the statute, the law would then be more in harmony with right and justice, the Legislature has the power to enact laws which may not commend themselves to courts and others as being just and right. The failure to act wisely is no reason for holding that the Legislature exceeded its authority, or did not intend that which its language clearly imports. The Legislature has the power to enact unwise legislation, and the fact that a court may be of the opinion that to construe a law as plainly written by the Legislature would convict that body of enacting an unwise law affords no justification for a court to say that the Legislature did not mean what it said, and therefore the court would be justified in reading into the law an exception which the Legislature has failed to place there.

As to the statute of limitations, and perhaps some other statutes, the Legislature has seen proper to make certain exceptions by prescribing that such statutes shall not be operative as against married women, minors, and insane persons. The very fact that the Legislature deemed it proper to place such exceptions in those statutes indicates that, if it had been intended that the statute now under consideration should not be operative as against minors, the Legislature would have so declared.

We know of no case directly in point, and counsel have cited none, unless it be Garner v. Boyle, 97 Tex. 461, 79 S. W. 1066, cited by appellees' counsel. In that case a deed was executed to a third person, in trust for certain minor children, but was not placed upon record until after the grantor had sold and conveyed the same land to another person; and the Supreme Court held that the latter was an innocent purchaser and entitled to protection as such. It seems that the question of the minority of the beneficiaries in the trust deed was not discussed in that case, but the only difference which we discovered between this case and that one is the fact that in this case the deed was made directly to the minors, while in that case the deed was made to another person for the benefit of the minors; but no reason has been suggested, and we have discovered none, for the application of a different rule of law based upon that difference in the two cases. In that case, the Court of Civil Appeals, after reciting the facts, certified to the Supreme Court for decision this question, "Do the facts in this case support the defendant's plea of innocent purchaser?" and the Supreme Court gave an affirmative answer to that question. If not directly in point, we think that case tends to support our ruling in this

case. At any rate, no case has been cited which would justify the holding that the statute referred to will not apply as against minors, and we do not feel justified in writing into that unambiguous statute an exception which the Legislature has not seen proper to make.

It may be true that to give the statute in question the construction we have placed upon it will result in hardship and injustice being done to minor children in some instances, but, as the Legislature has not seen proper to exempt that class of people from the effect of that statute, we do not feel authorized to make such exemption.

The foregoing decision of this question requires an affirmance of the judgment, and therefore we deem it unnecessary to discuss other questions.

For the reasons stated, the judgment of the trial court is affirmed.

Affirmed.