BROADWAY et al. v. STONE et al. *
(No. 1210—5229.)

Commission of Appeals of Texas, Section A.
March 27, 1929.

---

*For opinion on rehearing see 17 S.W.(2d) —.

Milburn McCarty, of Eastland, and Jenkins, Miller & Wilson, of Brownwood, for plaintiffs in error.

Wagstaff, Harwell & Wagstaff, of Abilene, Harry Brelsford and H. P. Brelsford and Scott W. Key, all of Eastland, and McCartney, Foster & McGee, of Fort Worth, for defendants in error.

HARVEY, P. J. On October 21, 1921, B. F. Eakin and his children, and J. H. Broadway and wife, jointly owned the tract of land situated in Eastland county which is involved in this suit. The Broadways owned an undivided one thirty-sixth interest in said land. On the date above mentioned, Eakin and children, purporting to be the owners of the entire tract, executed an oil and gas lease thereon to J. N. Gooch and others. The latter in turn conveyed the lease to F. W. Stone and associates, who, for convenience, will be designated as the Stone Company. This company proceeded to drill oil wells on the land, and, prior to June 28, 1922, had produced therefrom and sold large quantities of oil and gas. In so doing, the Stone Company believed in good faith that their lease covered the interest of all joint owners of the land, and in ignorance of the fact that the Broadways had an interest therein. The Broadways were likewise ignorant of the latter fact until about June 28, 1922. On the last-named date, the Broadways executed to the plaintiff in error E. J. Miller the following instrument:

"Know all men by these presents: That we, J. H. Broadway, and wife, Q. V. Broadway, of the aforesaid county and state, in consideration of the sum of one dollar ($1.00) to us in hand paid by E. J. Miller, of Brownwood, Texas, the receipt of which is hereby acknowledged, and for other good and valuable considerations, have nominated, constituted, and appointed and by these presents do nominate, constitute, and appoint the said E. J. Miller our attorney in fact to recover for us any and all right, title, and interest we may be entitled to in any lands or estate in the state of Texas, and especially in the counties of Brown, Eastland and Callahan, or either of them, hereby authorizing and empowering our said attorney to sue for, recover, sell, convey, or compromise, as he may deem best, any such right, title, or interest which we may have in and to all lands and estate in the state of Texas, and for and in consideration of his services in locating, recovering and disposing of said lands for us, we hereby grant to the said E. J. Miller an undivided two-thirds (⅔) interest in and to any and all such lands, estate, and property, to have and to hold unto him, his heirs and

assigns forever; and we hereby ratify and confirm all and every the acts of our said attorney hereunder, who is fully authorized to do any and all things that we or either of us might do if present and acting in person, with reference to the recovery and disposition of the aforesaid estate."

This instrument was promptly recorded and actual notice thereof, and of the claim of the Broadways and Miller to a one thirty-sixth interest in the land, was promptly given to the Stone Company by Miller. On August 17, 1922, the Broadways executed to B. F. Eakin and his children an instrument wherein they ratified the lease held by the Stone Company and purported to convey to Eakin and his children all the interest of the Broadways in the land, except a one thirty-sixth interest in the one-eighth royalty under the lease. On August 21, 1922, this suit was filed by Miller, in which he and the Broadways were named as plaintiffs. Afterwards the Broadways asked leave of the court to withdraw from the suit and they were dismissed. The suit proceeded with Miller as the sole plaintiff. In the suit, Miller seeks to recover of the Stone Company and various others in privity with that company one fifty-fourth of seven-eighths of the value of all oil and gas which has been taken from the land since the execution of the said oil lease, and further seeks to have the defendants directed to account to him, as those minerals are produced in the future, for his portion of the value thereof. Upon the trial in the court below, judgment was rendered in his favor for a certain amount found to be due him after adjustment of the equities asserted by the Stone Company on account of improvements and operating expenses. There are a number of other parties to the suit whose various rights in the subject-matter are involved; but it is thought that a discussion of the case as between Miller and the Stone Company will serve present purposes.

It is contended by the Stone Company that the instrument executed by the Broadways to Miller on June 28, 1922, is but an executory contract, which did not invest the latter with a present interest in the lands mentioned in the instrument, and, inasmuch as the Broadways conveyed to B. F. Eakin and children all their interest in the land involved in this suit, before Miller had entered upon performance of his obligations under the contract, no equitable interest in the land accrued to Miller under the contract. As supporting this contention, the Stone Company relies on the decisions of the Supreme Court in Browne v. King, 111 Tex. 330, 235 S. W. 522; Tayler v. Taul, 88 Tex. 665, 32 S. W. 866, and Hazlett v. Harwood, 80 Tex. 508, 16 S. W. 310. None of those decisions are applicable here. The instrument involved in those respective cases showed upon its face that an executed conveyance was not intended to be effected by the instrument;

whereas the instrument here involved evidences, we think, a purpose to effect present conveyance by the execution of the instrument. This instrument had effect, of itself, to invest Miller with an undivided interest in the land in controversy in this suit (Garner v. Boyle, 97 Tex. 463, 79 S. W. 1066; Witt v. Harlan, 66 Tex. 660, 2 S. W. 41; Merrill v. Bradley, 102 Tex. 481, 119 S. W. 297); but its terms are not such as to evidence a purpose to invest Miller with an interest in personal property. The instrument did not give him an interest in minerals that had been theretofore taken from the land, or a share in the claim which accrued to the Broadways in consequence of such taking.

It appears that, at the time Miller acquired from the Broadways an undivided interest in the land, and at the time this suit was commenced, there were permanent improvements on the land, which included four producing wells and one well in process of construction which produced oil after completion. These improvements were made by the Stone Company, who were not naked trespassers, but who held an interest in the land, and whose good faith in making the improvements is shown. In these circumstances, the undivided interest in the land, which was acquired by Miller, was chargeable in equity with a proportionate part of the reasonable value of said improvements at the time he acquired said interest, less a like proportion of the net value of the oil and gas which had theretofore been taken from the land by the Stone Company. Bender v. Brooks, 103 Tex. 335, 127 S. W. 168, Ann. Cas. 1913A, 559; Right of Way Oil Co. v. Gladys City, etc., Co., 106 Tex. 94, 157 S. W. 737, 51 L. R. A. (N. S.) 268; Thompson v. Jones, 77 Tex. 629, 14 S. W. 222; Curtis v. Poland, 66 Tex. 511, 2 S. W. 39. Miller took said undivided interest charged with the equitable right of the Stone Company, upon full disclosure of the pertinent facts by the company, to ratable compensation for said improvements.

The oil and gas produced after Miller acquired an interest in the land belonged partly to him, and, subject to the charge for improvements above mentioned, he is entitled to recover the value of his proportionate part of said oil and gas, with legal interest, less a like proportion of the reasonable expenses incurred by the Stone Company in completing the unfinished well and in operating the wells for the production of said oil and gas. 1 Thornton Oil & Gas, § 313. The rights of the parties respecting future production are likewise governed by the foregoing rule.

The judgment rendered by the trial court discloses that Miller was regarded by that court as having a share in the oil and gas which was produced from the land prior to June 28, 1922, as well as that produced subsequent to that date. The court undertook to adjust the rights of the parties on this basis, and rendered judgment for the recovery by Miller of a sum which erroneously includes the value of oil taken from the land prior to the date above mentioned. We have been unable to ascertain from the record the precise amount of the erroneous portion of the recovery. The court also erroneously failed to charge Miller's interest in the oil and gas produced subsequent to June 28, 1922, with a proportionate part of the expenses incurred by the Stone Company subsequent to that date in completing the unfinished well and in operating the wells for oil and gas.

The Court of Civil Appeals reversed the judgment of the trial court, and rendered judgment against Miller. For the reasons hereinbefore set forth, we recommend that the judgment of reversal rendered by the Court of Civil Appeals be affirmed, but that the cause be remanded.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both reversed, and cause remanded to the district court, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.