CRUMPTON et al. v. SCOTT et al.

No. 15306.

Court of Civil Appeals of Texas.
Fort Worth.

June ·20, 1952.

Rehearing Denied Sept. 12, 1952.

Preston Dowd, Texarkana, Ark., Travers Crumpton, Fort Stockton, and Scott Snodgrass, San Angelo, for appellants.

954

L. V. Abernathy, Wichita Falls, and Cole, Patterson, Cole & McDaniel, Houston, for appellees.

RENFRO, Justice.

Suit was filed in the district court of Montague County in trespass to try title and to remove cloud. The plaintiff and the interveners are heirs of Calvin J. Scott, deceased. The defendants are heirs of Sid Crumpton, deceased. All parties have appealed from the trial court's judgment and are appellants herein. The plaintiff and interveners will be referred to as plaintiff-interveners and the heirs of Sid Crumpton will be referred to as defendants.

The controversy arose over the effect and construction of a written instrument which reads in part as follows:

"Know All Men By These Presents, that we, Calvin J. Scott joined by his wife, C. E. Scott, of the County of Miller and State of Arkansas, for and in consideration of the sum of One dollar ($1.00) to us in hand paid, the receipt being herein acknowledged, and the further consideration of his services to be performed as our attorney in reference to our rights and interest in and to five hundred and seventy-six (576) acres of land situated in Montague County, Texas, which we have heretofore leased to I. L. Gilmore and associates, for a term of five years, have granted, sold and conveyed, and by these presents do grant, sell and convey unto the said Sid Crumpton, of the County of Bowie, State of Texas, a one-third undivided interest in and to our royalty rights in all minerals, including gas, oil, etc., in and to all that certain tract or parcel of land situated in Montague County, Texas, being a part of the William Watson H. R. Sur., * * * "

Then follows references to a deed executed in 1881 and an oil and gas lease executed in January, 1923, "to which records reference is made for better description to said land," and "this conveyance is intended to convey to the said Sid Crumpton a one-third undivided interest in and to the mineral rights, including gas, oil and other minerals therein contained." Then follows the general warranty clause. The instrument is dated April 28, 1923.

The instrument was executed by Calvin J. Scott and wife, C. E. Scott, and delivered to Sid Crumpton and by Crumpton filed for record in Montague County.

Plaintiff-interveners contend the instrument was merely an executory contract and Crumpton never performed under the same. Defendants contend the instrument was an executed deed, effective to convey said interest upon its execution and delivery. Among other defenses, defendants plead limitations.

Trial was had before a jury, which resulted in findings that the above instrument was intended to constitute a contract for legal services to be performed by Crumpton and that Crumpton substantially failed to perform said contract.

The court overruled plaintiff-interveners' motion for judgment on the verdict and granted, in part, defendants' motion for judgment non obstante. The judgment entered found the instrument to be a deed passing title as of the date of its execution and delivery and construed same to convey to Crumpton an undivided one-third of the mineral interest owned by Calvin J. Scott and wife on April 8, 1923.

Plaintiff-interveners contend the court erred in holding the same to be an executed deed.

At the time of the execution of the above instrument, Calvin J. Scott, by and through the will of his uncle, Peter R. Johnson, owned a full undivided one-half interest in the minerals in the land described, and, as collateral heir of Frances Watson Johnson, owned a small fractional interest in the remaining one-half interest. To avoid confusion, the "other one-half interest" will be referred to as the Frances Watson undivided one-half interest.

On the trial of the case, it was shown that as of the date of the instrument in question, affidavits were of record in Montague County indicating that Calvin J. Scott thought he had been adopted by Peter R. Johnson and Frances Watson Johnson.

If that were true, Mrs. Johnson having died intestate, leaving no other children, Calvin J. Scott would have inherited all of the Frances Watson undivided one-half interest.

Evidence was introduced that Crumpton never filed any suit or other instruments subsequent to April 28, 1923.

The deposition of Calvin J. Scott was introduced in which he testified that he employed Crumpton to act as attorney in clearing title as against the heirs of William Watson, and in answer to the question whether or not Sid Crumpton ever did any work in clearing title to such land, the witness answered, "If he did I didn't know it." The witness denied that he ever executed a deed to Crumpton.

Sid Crumpton died in February, 1937. Calvin J. Scott died some time after 1947. During the time both were living, neither filed any suit against the other nor any one else concerning the mineral interest herein involved. Defendants contend that the deed being absolute on its face and not void, art. 5529, the four year statute of limitation applies. Plaintiff-interveners, relying upon Browne v. King, 111 Tex. 330, 235 S.W. 522; Hazlett v. Harwood, 80 Tex. 508, 16 S.W. 310; Tayler v. Taul, 88 Tex. 665, 32 S.W. 866; Dull v. Blum, 68 Tex. 299, 4 S.W. 489, and other cases, contend that under the authority of said cases the court erred in construing the instrument as a warranty deed and contend that same is an executory contract and the evidence having shown performance was not made by said Crumpton, the instrument never became effective and merely constitutes a cloud upon their title.

We note that in most of the above cases, if not all, the courts were construing the effect of a power of attorney in which the attorney was required to sue for a recovery of the disputed lands or interest and the interest conveyed in said instruments was to come out of the interest to be recovered.

In the instrument in question, Crumpton, the grantee, did not agree to sue or prosecute any suits or take any action other than to perform services in reference to Calvin J. Scott's "rights and interest in and to" the 576 acres of land therein described.

It is undisputed that at the time of the execution of the instrument no one was claiming any interest to Calvin J. Scott's undivided one-half interest nor to his fractional interest in the Frances Watson undivided one-half interest. Calvin J. Scott's sole claim to more than the admitted fractional interest in the Frances Watson undivided one-half interest was based on his understanding that he was Frances Watson Johnson's adopted son. Under the circumstances, we think all Crumpton was called upon to do, under the terms of the instrument, was to investigate such contingency and advise Scott of his findings. Calvin J. Scott was or was not adopted by his aunt and the attorney could ascertain the true fact by investigation and without the necessity of bringing any suit. As a matter of fact, it is undisputed that Calvin J. Scott was not adopted by his aunt; therefore, he had no interest in the Frances Watson undivided one-half mineral interest over and above his fractional interest as a collateral heir. There is no evidence that Crumpton did not make such investigation and give advice to Calvin J. Scott. As seen from an examination of the instrument, Crumpton was not obligated to and did not agree to clear title to the Frances Watson interest.

■ The instrument was valid on its face, meeting every statutory requirement. It was executed and delivered by the vendors and accepted and filed for record by the vendee and the original remained in the possession of the vendee throughout his lifetime. We think the trial court was correct in disregarding the jury's answer and rendering judgment non obstante that the deed was effective to pass title as of the date of its execution.

■■ Assuming that Crumpton did not perform services under the contract, we think that part of the consideration, "in reference to our rights and interest," placed the grantors in no different situation than if a note had been executed for part of the purchase price without retaining a vendor's lien, or if part of the consideration had been that the grantee would care for the grantor in the future. Ransom v. Brown, 63 Tex. 188; 14 Tex.Jur., p. 802,

secs. 45, 48, 50 and 51; Sisk v. Randon, 123 Tex. 326, 70 S.W.2d 689. The grantor did not see fit to provide that failure on the part of Crumpton to perform should operate to cause the property to revert to the grantor. Where there is no express lien, the conveyance is an executed contract by which the title passes absolutely to the purchaser. Burgess v. Hatton, Tex. Civ.App., 209 S.W.2d 999, writ refused. Calvin J. Scott had the right to set aside the deed if he had legal or equitable grounds therefor, or to sue for damages for Crumpton's failure to perform if he did fail to perform. The instrument was not void on its face. The instrument being a warranty deed and not void, the plaintiff-interveners' suit is barred by limitation. Slaughter v. Qualls, 139 Tex. 340, 162 S.W.2d 671; La Fleaur v. Kinard, Tex.Civ.App., 161 S.W.2d 144, writ refused, w. m.

■ The law favors a rule of construction requiring an interpretation under which a deed will be valid and operative in preference to one which will nullify it. 14 Tex.Jur., p. 915. The trial court correctly construed the disputed instrument to be a deed passing present title.

The plaintiff-interveners contend the court erred in rendering judgment non obstante because the jury findings that Crumpton rendered no service, coupled with the attorney-client relationship, and the unjust enrichment of Crumpton, give rise to a constructive trust by operation of law.

■ A constructive trust is ordinarily imposed to prevent unjust enrichment obtained through fraud or under circumstances amounting to constructive fraud.

It is apparent from the record that Calvin J. Scott's claim was based on his contention that he was an adopted son of Frances Watson Johnson. He recognized that by asking Crumpton to merely "perform services." The very nature of the employment called for investigation and advice. There is no evidence that he did not do just that. The only service he could have performed was to investigate the claim of Calvin J. Scott in regard to the adoption. When he found there had been no adoption, there was nothing further for him to do. The plaintiff-interveners rely on the jury finding of no performance as basis for their claim of unjust enrichment.

■ The finding that Crumpton did nothing to clear the Frances Watson title does not negative the fact that he performed what he was employed to perform. We find no evidence in the record as to the value of the mineral interest conveyed at the time. Calvin J. Scott must have been satisfied with his contract. Sid Crumpton lived until February, 1937, and Calvin J. Scott never took any action to cancel the deed or seek any relief thereunder. Calvin J. Scott lived more than twenty-four years after executing the deed and he never filed any suit or questioned the claim of Sid Crumpton, or his heirs, in any manner. We uphold the trial court's presumed finding that the evidence would not justify a finding that Sid Crumpton was unjustly enriched or that the circumstances were such as to result in a constructive trust. The point of error is overruled.

■ The defendants have appealed from that portion of the trial court's judgment construing the deed to pass one-third undivided interest in the minerals owned by Calvin J. Scott and wife at the date of the execution of same. When an instrument does not, by its terms, clearly and plainly describe the land affected, or is phrased in language susceptible of more than one construction, the intention of the parties is to be ascertained not solely from the words of the instrument but from its language when read in the light of the circumstances surrounding the transaction. Gulf Production Co. v. Spear, 125 Tex. 530, 84 S.W.2d 452. It is admitted that Calvin J. Scott owned no interest in the William Watson H. R. Survey above the one-half undivided interest inherited from Peter R. Johnson and the fractional interest inherited from Frances Watson Johnson. As seen from the deed, part of the consideration for its execution was for services in reference to "our rights and interest" (emphasis ours) in the 576 acre tract. The language then used in the granting clause is one-third undivided interest in and to "our

(emphasis ours) royalty rights in all minerals, including gas, oil," etc. Taking into consideration the circumstances surrounding the transactions and construing the deed from its four corners, we think the reference to the Belcher deed and the Gilmore lease was intended to describe the tract containing the interest conveyed and did not intend, by such references, to describe the actual interest conveyed. The trial court properly construed the deed to convey a one-third undivided interest in and to the minerals then owned by the grantors.

We have given careful attention to all points and counterpoints raised by all parties and we think no reversible error has been shown and therefore affirm the judgment of the trial court.