W. P. WADSWORTH ET AL. v. H. T. GROOM.

Decided May 28, 1910.

**Power of Attorney With Interest—Construction—Executed Contract.**

A power of attorney coupled with an interest set out, and construed to be a present conveyance of an undivided interest in all lands owned by the grantors as heirs of a certain ancestor, and not an executory contract intended to operate only on such lands as the grantee or attorney in fact might recover.

Appeal from the District Court of Hartley County. Tried below before Hon. D. B. Hill.

*Del. W. Harrington* and *Lumpkin, Merrill & Lumpkin,* for appellants.—The power of attorney executed by the sole heirs of Horace Hall, deceased, to Martin E. Gross & Co., by the terms of which, for services performed and necessary to be performed, and for bearing the expenses incident to clearing the title to several tracts of land claimed by said heirs, the said Martin E. Gross & Co. were to receive a one-third interest in all such lands, constituted an executory contract, and did not vest a title in the said Martin E. Gross & Co., but merely gave them an equitable right to have a deed executed to them in case the title to any of said land was cleared. Cooper v. Mayfield, 57 S. W., 48; Cooper v. Newell, 173 U. S., 555; Hazlett v. Harwood, 80 Texas, 509; Taylor v. Taul, 88 Texas, 665; Garner v. Boyle, 97 Texas, 460; Garner v. Boyle, 34 Texas Civ. App., 42; Dull v. Blum, 68 Texas, 299.

The power of attorney executed by the heirs of Horace Hall, deceased, to Martin E. Gross & Co., authorizing the said Martin E. Gross & Co. to sue for, take possession of, and to compromise with parties claiming adversely the land described in said power of attorney which belonged to said heirs, and giving said agents an undivided 1/3 interest in said lands, does not, in law, apply to lands owned and held by said heirs by perfect title and not adversely claimed or held, and for which no suit or compromise for the title and possession was necessary to perfect title. Hazlett v. Harwood, 80 Texas, 509; Taylor v. Taul, 88 Texas, 665; Cooper v. Mayfield, 57 S. W., 48; Garner v. Boyle, 97 Texas, 460; Garner v. Boyle, 34 Texas Civ. App., 42.

A power of attorney coupled with an interest in that which is to be produced by the exercise of the power therein mentioned, viz.: taking possession of, suing for, perfecting title and paying all expenses, is not a power of attorney coupled with an interest in the thing itself, but in the thing to be created by the exercise of the power, and hence, it is irrevocable and passes no title until the powers therein are fulfilled. Garner v. Boyle, 98 Texas, 460; Taylor v. Taul, 88 Texas, 665; Hennessee v. Johnson, 13 Texas Civ. App., 530; 31 Cyc., sec. 4, p. 1297 et seq.; 1 Am. & Eng. Ency. Law, 1st ed., 444-5.

*Turner, Hendricks & Boyce,* for appellees.

SPEER, ASSOCIATE JUSTICE.—This is an action of trespass to try title by H. T. Groom against W. P. Wadsworth and others, to recover an undivided one-third interest in the Horace Hall 1476-acre survey

of land in Hartley County. Issues were properly joined and a trial before the court resulted in a judgment for the plaintiff, from which the defendant Wadsworth, who claimed the entire survey, has appealed.

Appellee recovered the land by virtue of conveyances from Martin E. Gross and C. M. Calloway, and practically all of the questions presented on this appeal involve a single question of law, and that is, as to the legal effect to be given to the following instrument:

"The State of Michigan, County of Wayne.

"Know all men by these presents: That we, Mary E. Hess, a widow, and Henry H. Hess, her son, of the County of Wayne, and State of Michigan, and Mrs. Eva Perrin Cornell joined by her husband, Charles Cornell, of Washington, D. C., who are the sole owners in fee simple of the land hereinafter conveyed as the sole surviving heirs of Horace Hall, to whom said land was patented, and the said Harry H. Hess, being the grantee of Mrs. Evelin H. Perrin, a widow, of a 1/3 undivided interest in and to all of said land, she, also, being one of the heirs of the said Horace Hall, have this day constituted, nominated and appointed Martin E. Gross & Co., a firm composed of Martin E. Gross and Charles M. Calloway of Travis County, Texas, jointly our attorneys in fact for us and in our names, place and stead to take possession of, sue for, recover and compromise any and all claims to which we have as the heirs of Horace Hall to all lands in the counties of Hartley and Moore, in the State of Texas, and in our names to demand and receive possession of the same; it being especially stipulated, however, that our said attorneys shall bear all expense incident to the recovery of, and the perfecting of our title to all of the lands herein referred to in the State of Texas, hereby ratifying and confirming any and all acts which our said attorneys may do in our behalf in the premises; and whereas our said attorneys have been at considerable expense and trouble in searching for and locating the land herein referred to, and will be at further trouble and expense in perfecting our title to same; Now, therefore, for and in consideration of the premises, and the sum of $1 to us in hand paid, we hereby grant, sell and convey unto our said attorneys, Martin E. Gross & Co., an undivided 1/3 interest in and to all the land herein referred to in the State of Texas, which we are entitled to as heirs or grantees of any of the heirs of the patentee, Horace Hall; it being further agreed and understood that for the above consideration, the said Martin E. Gross & Co. are to perfect the title to the heirs of 984 acres out of the Hartley County tract, and 853 1/3 acres out of the Moore County tract, being a 2/3 interest in the whole.

"To have and to hold the aforesaid 1/3 interest unto the said Martin E. Gross & Co., and their heirs and assigns forever, free from all claims of every kind whatsoever on the part of any and all of us, as the heirs of Horace Hall.

"Witness our hands, this, the fourth day of April, 1900.

"Eva Perrin Cornell,
"Mary E. Hess,
"Harry H. Hess,
"Charles Cornell."

If the foregoing instrument is not a conveyance of the land *in praesenti,* but merely an executory contract calling for a conveyance of an interest in lands thereafter to be recovered by Martin E. Gross & Company, then the judgment is wrong and should be reversed; on the other hand, if the instrument is not executory, but took effect upon its delivery as a conveyance of the land described, then the judgment is correct, and should be affirmed. We think the proper construction of the instrument is that the parties thereto intended a present conveyance of an undivided one-third interest in all the lands in Hartley and Moore Counties to which the grantors, as heirs of Horace Hall, to whom the same was patented, were entitled. In other words, we think the conveyance took effect upon its delivery, and was not executory in its character. We think the case is more nearly like that of Garner v. Boyle, 97 Texas, 460, than that of Taylor v. Taul, 88 Texas, 665. There is nothing in the language of the conveyance to indicate that it was to be operative only as to lands to be recovered by attorneys, as in the last case cited.

There is nothing to indicate that Martin E. Gross & Company were derelict in the performance of any duty undertaken by them in the conveyance, even if that were a material inquiry. The court, therefore, committed no error in refusing to allow appellant to prove that they had done nothing under the deed. Appellant states that said land was never actually held adversely to the heirs of Horace Hall, who have paid the taxes on the same for the last seventeen years.

The bill of exception taken to the exclusion of the testimony of Judge W. M. Pardue, fails to show that he would have testified he ever saw a deed from appellee conveying the land in controversy, or any part of it, to any other person. The question of outstanding title discussed by appellant in his fifth assignment of error, is, therefore, not raised.

We find no error in the record and the judgment is affirmed.

*Affirmed.*

Writ of error refused.