UNITED STATES v. CALCASIEU TIMBER CO. et al.

(Circuit Court of Appeals, Fifth Circuit.   October 4, 1916.)

No. 2851.

1. PUBLIC LANDS ⬅138—PATENTS—TRANSFER.
Though patent to public land was secured through fraud and misrepresentation, it cannot be attacked by the government where, after institution of a suit against the patentee, the land was transferred to a purchaser for value, in good faith, without notice of the pendency of the suit.
[Ed. Note.—For other cases, see Public Lands, Cent. Dig. § 368;  Dec. Dig. ⬅138.]

2. COURTS ⬅363—FEDERAL COURTS—EQUITY—PRACTICE.
Act La. No. 22 of 1904, provides that the pendency of an action in any court, state or federal, affecting the title, or asserting a mortgage or lien upon immovable property, shall not be construed as notice to third persons not parties, unless a notice of the pendency of the suit shall have been filed in the mortgage office of the parish where the property to be affected is situated.  Rev. St. U. S. § 914, expressly exempts equity cases from the operation of the conformity statute, with the result that in such cases the pleading and procedure does not follow the state practice, but is uniform in federal courts.  Patentee of land, against whom a suit in the federal court for the cancellation of the patent on the ground of fraud and misrepresentations was pending, transferred the land to a bona fide purchaser for value and without notice of the pendency of the suit.  No lis pendens, as required by the Louisiana statute, was filed, though the land was located in that state.  *Held* that, as the acquisition and ownership of real estate and all means by which title thereto is transferred is exclusively governed by the laws of the state in which the property is situated, the purchaser cannot be charged with notice of the pendency of the suit in the federal court under the rule that a decree in equity is binding on one who purchases property which is the subject of controversy from defendant in the suit while it is pending, and after service of process on him.
[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 939–949;  Dec. Dig. ⬅363.]

Appeal from the District Court of the United States for the Western District of Louisiana;  Aleck Boarman, Judge.

Bill by the United States against the Calcasieu Timber Company and others.  From a decree dismissing the bill, the United States appeals. Affirmed.

On August 20, 1907, a patent of the United States for a quarter section of land in Rapides parish, Louisiana, was issued to Martha E. Marler.  On January 24, 1908, a bill was filed in the District Court for the Western District of Louisiana by the United States against the patentee for the cancellation of that patent on the ground that it was obtained by fraud and misrepresentation.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The cancellation of the patent was decreed in that case. While that suit was pending, and after the service of subpœna therein, as shown by the marshal's return, on the sole defendant therein, she executed a deed of conveyance to one Kirkpatrick of the land described in the patent. Through mesne conveyances the Calcasieu Timber Company acquired the claim of Kirkpatrick under the deed to him. The bill in this case, filed by the United States against the Calcasieu Timber Company and others, after averring that the fraud and misrepresentation of the patentee in obtaining the patent, and the fact of the filing and pendency of the suit against her, were known to Kirkpatrick and to his grantee, who conveyed to the Calcasieu Timber Company after the decree in the suit against the patentee was rendered and recorded, that the plaintiff was in possession of the land described in the patent, and that the conveyances through which the defendant claims the land constitute a cloud on the plaintiff's title, prayed the cancellation of those conveyances, that the decree rendered in the suit against the patentee be decreed valid and of binding effect against the defendants in this suit, and that the plaintiff's title to the land mentioned be quieted. The answers of the defendants put in issue the allegations above mentioned, denied that process was served on the patentee in the suit against her, and set up the failure to file notice of the pendency of that suit, as required by the Louisiana statute. The appeal is from a final decree dismissing the bill.

George Whitfield Jack, U. S. Atty., of Shreveport, La.

L. J. Hakenyos, Nauman S. Scott, and H. H. White, all of Alexandria, La., and Laird Bell, of Chicago, Ill., for appellees.

Before PARDEE and WALKER, Circuit Judges, and MAXEY, District Judge.

WALKER, Circuit Judge (after stating the facts as above). The dismissal of the bill was based upon a finding that there was no service of process on the defendant in the above-mentioned suit against the patentee for a cancellation of the patent. We are not of opinion that the evidence warranted such a finding. Assuming that that return was impeachable in this case, we do not deem it necessary to say more of the evidence of its falsity than that it was not so clear and unequivocal as is required to overthrow the return, supported as it was by the explicit and circumstantial testimony of the officer who made it and by other evidence of its verity. 32 Cyc. 517.

[1] But the decree is not to be reversed if the evidence in the case was such as to require a dismissal of the bill. The bill was not maintainable if Kirkpatrick, through whom the timber company claims, was a purchaser of the land for value and in good faith, without notice of the suit pending against his vendor, the patentee, or of any infirmity in the latter's title. It was contended in behalf of the plaintiffs that Kirkpatrick had both actual and constructive notice of that suit and of the patentee's fraud and misrepresentation in obtaining the patent. We do not think that the evidence sustained the averments of the bill to the effect that Kirkpatrick actually knew of the pendency of that suit and of his vendor's misconduct, which was alleged therein. The evidence was such as to require a finding that Kirkpatrick was a good-faith purchaser for value, unless he was chargeable with constructive notice of the suit against his vendor.

[2] The contention that he had constructive notice of that suit is sought to be supported by invoking the rule that a decree in an equity suit is binding upon one who purchases the property which

is the subject of controversy from a defendant in the suit while it is pending and after service of process on the defendant vendor. Mellen v. Moline Malleable Iron Works, 131 U. S. 352, 9 Sup. Ct. 781, 33 L. Ed. 178; 2 Pomeroy's Eq. Jur. §§ 633, 635. This contention cannot prevail if the Louisiana lis pendens statute, enacted in 1904, is applicable. That statute is as follows:

"1. That, on and after January 1, 1905, the pendency of an action in any court, state or federal, in the state of Louisiana, affecting the title, or asserting a mortgage or lien upon immovable property, shall not be considered or construed as notice to third persons not parties to such suit, unless a notice of pendency of such action shall have been made, filed or registered, in compliance with this act.

"2. * * * That the notice above referred to shall be in writing, signed by the plaintiff or his attorney, stating the name of the court in which the suit has been filed, the title and number of the suit, date of filing same, the object of the suit and the description of the property sought to be affected thereby; and said notice shall be recorded in the mortgage office of the parish where the property to be affected is situated, and shall have effect from the date of filing.

"3. * * * That in the rendition of judgment in such suit or action, if judgment be given against plaintiff's claim, it shall provide for the cancellation of said notice at plaintiff's expense, and as part of the costs of suits.

"4. * * * That all laws or parts of laws in conflict with this act be and the same are hereby repealed from and after January 1, 1905, at which time this act shall take effect."

Act 22 of 1904 of the state of Louisiana.

It is argued that the rule above referred to is one of federal equity procedure, which is not subject to be changed by state legislation. It is true that the rule is one of procedure in that it prescribes what is required, when a different requirement is not prescribed by a paramount authority, to make the decree in an equity suit effective against, not only the parties to it, but others who deal with the subject of the suit while it is pending. It also is true that equity causes are expressly excepted from the operation of the conformity statute (R. S. U. S. § 914), with the result that the practice, pleadings, and forms and modes of procedure in such causes are uniform in the United States courts, and are not governed by state laws, statutory or customary. But the federal system of equity procedure and practice is not of such paramount force that a rule which is a part of it may be given such effect as to nullify a law of a state on a subject within the exclusive domain of state law. Where the substantive law to be administered by the court is that of the state in which the court sits, that law prevails, rather than a rule of procedure with which it conflicts. It is well settled that the acquisition and ownership of real estate and all the means by which the title to it is transferred from one person to another, whether by deed, by will or descent, or by judicial proceedings, and the construction and effect of all instruments intended to convey it, are governed exclusively by the laws of the country or state in which the property is situated, and that such laws of the several states, being rules of property, are binding upon and are to be applied by the federal courts. Brine v. Hartford Fire Ins. Co., 96 U. S. 627, 24 L. Ed. 858; McGoon v. Scales, 9 Wall. 23, 19 L. Ed. 545; Bucher v. Cheshire R. Co., 125 U. S. 555, 8 Sup.

Ct. 974, 31 L. Ed. 795; Clarke v. Clarke, 178 U. S. 186, 20 Sup. Ct. 873, 44 L. Ed. 1028; Suydam v. Williamson, 24 How. 427, 15 L. Ed. 978; 1 Bates, Federal Equity Procedure, § 70.

The statute above set out explicitly prohibits the pendency of an action in any court, state or federal, in the state of Louisiana, affecting the title, or asserting a mortgage or lien upon immovable property, being considered or construed as notice to third persons not parties to such suit, unless a notice of the pendency of such action shall have been made, filed, or registered, in compliance with the statute. The statute prescribes a rule to govern in determining the effect to be given to a conveyance of real estate made by a party to a pending suit involving it to one not a party to the suit. It forbids the pendency of the suit being considered or construed as notice to such a grantee unless the notice provided for by the statute shall have been given. If, under the facts of the instant case, notwithstanding the failure to comply with the statute above set out, notice of the pendency of the suit against the patentee is imputed to her vendee, who was not a party to that suit, and the decree in that suit is held to conclude such vendee and those claiming under him, the result would be to make a judicial decree purporting to cancel the title to land in Louisiana effective against one not a party to the suit in which the decree was rendered, though a statute of the state excludes him from the operation of the decree, and to deprive a conveyance of land by the holder of the record title to it of the effect given to it by the law of the state in which the land is situated. The law applicable to the question presented stands in the way of such a result. The law of the state determines the operation and effect of the patentee's deed; and the conclusion is that a rule of practice or procedure prevailing in the court in which a controversy on the subject arises cannot properly be so applied as to override that law. The question presented in this case was not decided in Romeu v. Todd, 206 U. S. 358, 27 Sup. Ct. 724, 51 L. Ed. 1093, but expressions found in the opinion in that case are in harmony with the conclusion just stated.

The language of the statute above set out clearly shows that it was intended to apply to suits in the United States courts as well as to suits in the courts of the state. The provisions of the statute are such that no obstacle is left in the way of a suitor in a United States court complying with the requirements prescribed to charge one not a party to the suit with notice of its pendency. The reasons which led to the conclusion in the case of King v. Davis (C. C.) 137 Fed. 222, that a Virginia lis pendens statute was not intended to apply, and did not apply, to suits in the United States courts in that state, do not exist under the facts of this case.

The decree appealed from is affirmed.

MAXEY, District Judge, was prevented by illness from participating in the decision of this case.