CANADIAN OIL & GAS CO. v. WEBB et al.
(No. 1333.)

(Court of Civil Appeals of Texas. Amarillo. April 24, 1918.)

1. LIMITATION OF ACTIONS ⊜➡46(1)—ACCRUAL OF CAUSE OF ACTION—COMMENCEMENT OF RELATION OF DEBTOR AND CREDITOR.

A contract between an oil company and the owner of certain piping provided that the gas company was to borrow such piping used for casing in sinking oil wells, and, if oil was found in paying quantities, to pay the reasonable value of such casing, but if oil was not found, the company would pull the casing from the well, or as much thereof as it could, and leave it at the company's well on the ground. The company abandoned the well and pulled out a portion of the casing only, leaving part in the well. Held, that the right to sue for the casing left in the well accrued at that time; the relation of lender and borrower having then ceased and the relation of debtor and creditor commenced.

2. PARTNERSHIP ⊜➡159—NOTICE TO PARTNERSHIP—AGENCY.

Where a partnership has loaned casing to an oil company, notice to one partner that the relation of lender and borrower had ceased, and that of debtor and creditor arisen, was notice to the partnership.

3. LIMITATION OF ACTIONS ⊜➡67—NOTICE—CONVERSION.

Where one partner had loaned casing to an oil company and had been notified about four years before the commencement of the suit that the casing had been abandoned, such notice, being notice to the partnership, barred an action for conversion by another partner under the two-year statute of limitations in Rev. St. 1911, art. 5687.

Appeal from Wichita County Court; Harvey Harris, Judge.

Action by Sidney Webb against the Canadian Oil & Gas Company and others. Judgment for plaintiff, and defendant Canadian Oil & Gas Company appeals. Reversed and rendered.

Martin, Bullington, Boone & Humphrey, of Wichita Falls, for appellant. Taylor, Allen & Taylor, of Henrietta, for appellees.

HUFF, C. J. Webb sued R. S. Allen, J. A. Fisher, L. O. Thompson, H. E. Hume, and the Canadian Oil & Gas Company. The suit was filed originally December 20, 1915. By a second amended original petition, filed on the 27th day of February, 1917, the Canadian

Oil & Gas Company was brought into the suit for the first time. The petition alleged that Webb was the owner of 2,257 feet of 4-inch rotary pipe, of the value of $500; that on the 1st day of April, 1914, and shortly thereafter the defendants converted the pipe to their own use, and appellee sued for the value of the pipe, the sum of $500. He also alleged that he did not know of the conversion of this pipe until a short time prior to the filing of this suit, and that the defendants fraudulently conspired together to withhold from plaintiff such knowledge. The defendants each filed an answer to the petition, pleading the bar of the two-year statute of limitations, and the Canadian Oil & Gas Company filed its original answer on the 27th day of February, 1917, in which it pleaded the two-year statute of limitations, and specially alleged that Allen and Webb were copartners in the ownership of the pipe, and that it had gotten possession of the pipe from Allen under a certain contract, and that it had complied in all things with the contract made with Allen, and that Allen acted for Webb in making the agreement. The case was tried before the court without a jury, and judgment rendered against the oil company in the sum of $297. The court also rendered judgment in favor of the other defendants, R. S. Allen, J. A. Fisher, H. E. Hume, and L. O. Thompson, against Webb, finding for Allen on the waiver of judgment by Webb as against Allen filed in the lower court.

The first assignment of error is to the effect that the conclusions of law of the trial court are erroneous because the pleadings of the oil company set up as a bar to the right of recovery the two-year statute of limitations, and findings of facts by the trial court show that this suit was not filed for more than two years prior to the accrual of his cause of action, and that Allen, appellee's partner, had full knowledge of all the facts at all times subsequent to the defendants' use and retention of the pipe. The findings of the court are as follows:

"(1) The court finds that on or about the 1st day of April, 1913, the plaintiff Sidney Webb, and the defendant R. S. Allen together were the owners of 2,257 feet of 4-inch rotary pipe of the value of 20 cents per foot, and that on or about said date the defendant R. S. Allen delivered the said pipe to the defendant the Canadian Oil & Gas Company, to be used by said company in a well that it was drilling in Wichita county, Tex.; that said company agreed that if they found oil in its well in paying quantities and used said casing, then it would pay the reasonable value for the casing so used, but in the event it did not find oil in its well in paying quantities, it would pull said casing from said well, or as much thereof as it could, and leave same at the company's well on the ground.

"(2) That the Canadian Oil & Gas Company drilled and completed its well about May 1, 1913, and did not find oil in paying quantities. It pulled some of said casing, about 600 feet, from the said well after it had ascertained that said well would not produce oil in paying quantities, and left about 1,400 feet of casing in said well which was impossible to be pulled,

and that as soon as they had pulled said casing, which was between the 1st and 10th of May, 1913, said Canadian Oil & Gas Company, by and through its agent, informed and told the defendant R. S. Allen of the fact that they were unable to pull about 1,400 feet of said casing, and that they pulled about 600 feet of the casing which they used, and told R. S. Allen that said casing was then on the ground at the well which they had abandoned about May 1, 1913. That the value of the casing left in said well, if it had been pulled on the ground, would have been $297.

"(3) I find that the plaintiff, Sidney Webb, did not authorize the said R. S. Allen to make said disposition of said casing to the said Canadian Oil & Gas Company, but that they were equal partners in said casing, and that the plaintiff, Sidney Webb, and R. S. Allen were the owners of a certain oil and gas lease lying next to the one where the defendant the Canadian Oil & Gas Company were drilling their well, and that the said R. S. Allen was desirous of having a deep test made where the Canadian Oil & Gas Company were drilling, and for that purpose the said R. S. Allen loaned the casing to the Canadian Oil & Gas Company.

"(4) I find that the plaintiff, Sidney Webb, did not know what had become of this casing until a year or 18 months prior to the filing of this suit, but that Sidney Webb made no effort to find out from R. S. Allen, his copartner, what R. S. Allen had done with this casing.

"(5) I further find that the plaintiff, Sidney Webb, tried for several months before the filing of this suit to force the Canadian Oil & Gas Company to pay for the casing they had left in the well, and that the Canadian Oil & Gas Company failed and refused to pay same, and that on the 16th day of December, 1915, the plaintiff, Sidney Webb, filed this suit, and that the plaintiff, Sidney Webb, filed his second amended petition against the defendant Canadian Oil & Gas Company on the 27th day of February, 1917.

"(6) I further find that the plaintiff, Sidney Webb, in open court waived any judgment that he had against the defendant R. S. Allen.

"Conclusions of Law.

"(1) I conclude as a matter of law that the statute of limitation does not run in favor of the Canadian Oil & Gas Company against the plaintiff, Sidney Webb, in this case, and that the defendant the Canadian Oil & Gas Company is liable to the plaintiff in the sum of $297, the value of the casing which it left in its well and could not return to the plaintiff.

"(2) I further conclude that the plaintiff is not entitled to recover against J. A. Fisher, H. E. Hume, and L. O. Thompson, in any sum whatever.

"(3) Upon the waiver of the plaintiff, Sidney Webb, in open court I conclude that the plaintiff, Sidney Webb, is not entitled to recover anything against the defendant R. S. Allen."

[1] It is our view that under the court's findings appellees' cause of action accrued when appellant the Canadian Oil & Gas Company abandoned the well and under the contract found by the court removed all the casing from the well that could be, and left it at the well, as agreed upon, and notified Allen that it had abandoned the well and could remove no more casing from it. The right to sue then existed for the casing left in the well. The relation of borrower and lender ceased, and the relation of debtor and creditor was established for the casing which it was impossible to remove, if in fact any

liability ever attached. Under the findings of the court there was no illegal taking or conversion of the casing in the first instance, but the casing was taken and kept under an agreement, and only an implied obligation to pay for the casing not removed from the well. Allen, being a partner with Webb in the ownership of the casing, had the right to control it as much so as did Webb.

[2] It appears from the findings that Allen permitted the appellant to use the casing to further the interest of the partnership enterprise. Notice to Allen that the casing was returned as agreed upon, and that. the condition had arisen contemplated by the contract which would change the relation from a borrower to a debtor, would operate as notice to Webb. Notice to one partner will ordinarily operate as notice to the partnership, or to the other partner, on the ground that one is the agent of the other. Smith v. Adams, 4 Tex. Civ. App. 5, 23 S. W. 49; Rippetoe v. Dwyer, 65 Tex. 703; Liddell v. Crain, 53 Tex. 549.

[3] The appellant oil company was sued nearly four years after the cause of action accrued, and under the findings of fact by the court he should have rendered judgment for the appellant under the two-year statute of limitation pleaded by it. Article 5687, R. C. S. While the appellant pleaded fraud and collusion between appellant Allen and other parties, the court does not find any such, but found that there was a contract made in furtherance of the partnership interest. It was pleaded by the appellee that the casing was represented to have been sold by Allen to Webb. The court does not find such allegation to be true. The court finds no fraud or subterfuge on the part of appellant, or any one else, to conceal the matter from appellee. A copy of a substituted citation and petition shows that the original suit was filed December 20, 1915, against Allen and others, and that the appellant was not sued. until the 27th day of February, 1917. The court found that Webb did not know what had become of the casing until a year or eighteen months prior to the institution of the suit, but that he made no effort to find out from Allen, his copartner. It will be seen that more than two years had elapsed after he learned about where the casing was before he sued appellant. Part of the property had been turned back to the partnership more than three years before appellant was sued, and the admission was made to the partnership that the remainder of the casing could not be removed from the well. If the court's judgment should be permitted to stand, Webb would recover Allen's half when Allen knew for more than four years all the facts. If Allen was acting fraudulently with his partner, this would not defeat appellant's rights. It should not be charged with Allen's bad faith in dealing with his partner. Webb seeks to recover a partnership debt due both partners because, as a member of the firm, he did not actually know the facts. Certainly Allen could not recover, and we do not think Webb entitled to recover when he permitted Allen to act as his agent. Notice to Allen was notice to him.

The judgment will be reversed and rendered for appellant, and that Webb take nothing by reason of the suit. Reversed and rendered.

HALL, J., not sitting.

---

⟨Key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes