## NORTON v. BALL. (No. 7922.)

(Court of Civil Appeals of Texas. Galveston. Nov. 18, 1920. Rehearing Denied Dec. 9, 1920.)

1. Vendor and purchaser ⟝229(10), 235— One taking conveyance of undivided interest with power to recover held innocent purchaser, although owner of other undivided interest had notice.

Where R. gave plaintiff a power of attorney to recover and perfect the record title to land which had been sold under foreclosure and, in consideration of his services and expenses, conveyed him an undivided half interest in the land, and plaintiff performed such services and purchased the land from the mortgagee without knowledge of defendant's claim under an unrecorded judgment of the United States District Court, such services were a sufficient consideration to support plaintiff's claim of innocent purchase of one-half of the land, though the purchase from the mortgagee was also for R.'s benefit and R. had knowledge of the proceedings and judgment in the federal court.

2. Vendor and purchaser ⟝239(8)—Owner of undivided interest purchasing other interest held innocent purchaser.

Where R. gave plaintiff power of attorney to recover and perfect title to land sold under foreclosure and convey him an undivided interest therein and plaintiff purchased the land from the mortgagee, his subsequent purchase of R.'s interest without knowledge of defendant's claim under an unrecorded federal court judgment gave him title to all of the land as an innocent purchaser, notwithstanding R.'s knowledge of defendant's claim.

Appeal from District Court, Anderson County; John S. Prince, Judge.

Action by L. E. Norton against P. D. C. Ball. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

---

⟝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Carothers & Brown, of Houston, and Seagler & Pickett, of Palestine, for appellant.

Brooks, Worsham & Rollins, of Dallas, and N. B. Morris, of Houston, for appellee.

PLEASANTS, C. J. This is an action of trespass to try title brought by appellant against the appellee. The land involved in the suit is a tract of 867 acres on the Palacios grant in Anderson county.

The defendant in the court below answered by general demurrer, plea of not guilty, and pleas of limitation of three, five, and ten years, and by cross-action sought judgment against the plaintiff for the land described in plaintiff's petition. By trial amendment he disclaimed as to all of the land except a portion thereof described in the amendment by metes and bounds, as to which he prayed that he go hence without day and recover his costs.

Appellant deraigns title under William and Sallie Reader, who acquired title by limitation prior to the death of Sallie Reader, which occurred on January 8, 1908.

On September 12, 1910, Bose Reader, who then held this limitation title, executed a deed of trust on the land to secure an indebtedness due A. D. England. The lien given by this deed of trust was foreclosed in 1912, and the land sold under the foreclosure proceeding and purchased by A. D. England.

Some time after England's purchase, appellee, who holds possession and claim title to other portions of the Palacios grant, brought suit in the United States District Court at Tyler against Bose Reader, A. D. England, and others to recover a tract of 792 acres which is a part of the land in controversy. Judgment in that suit was rendered in favor of appellee against all of the defendants for the 792 acres of land. This judgment was not filed for record in Anderson county until October 25, 1916.

With the title in this condition, Bose Reader on October 16, 1915, executed the following power of attorney to appellant:

"The State of Texas, County of Harris.

"Know all men by these presents: That I, Bose Reader, a single man, of the county of Harris, and state of Texas, have made, constituted and appointed, and by these presents do make, constitute and appoint L. E. Norton of the county of Harris and state of Texas, my true, sufficient and lawful attorney, for me and in my name, place and stead; to recover from A. D. England of Wolfe City, Hunt county, Texas, or any other claimants and to perfect the record title to, by suit or otherwise, the following described land located in Anderson county, Texas; 867 acres in the Mariano Riva Palacios Eleven League Grant, being the same property inherited by me from my mother, Sarah M. Reader, and acquired by me from my brother and sister, giving and granting unto his said attorney full power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done in and about the premises, as fully to all intents and purposes as he might or could do if personally present, with full power of substitution and revocation, hereby ratifying and confirming all that his said attorney or his substitute shall lawfully do or cause to be done in the premises by virtue hereof.

"And whereas said L. E. Norton will probably have to incur considerable expense and will probably have to employ legal counsel to assist him in said business, therefore, know all whom it may concern, that in consideration of the services performed, and to be performed by said L. E. Norton in the business above mentioned, do hereby give, grant, sell, convey and deliver to said L. E. Norton an undivided one-half interest in the above premises, and hereby expressly empower said L. E. Norton to encumber said premises if necessary to aid in the recovery of said land.

"Witness my hand this 16th day of October, A. D. 1915.        Bose Reader."

Acting under this power of attorney, appellant on April 3, 1916, procured a deed to the land from England for a consideration of $875, which was paid by appellant. After obtaining this deed the agreement between appellant and Reader was changed so that appellant was to pay Reader $1,000 and take title to all of the land, and on August 12, 1916, he obtained from Bose Reader and the other heirs of William and Sallie Reader a deed conveying to him all of their right, title, and interest in the land. In the meantime he had instituted suit in the district court of Anderson county against the heirs of the original grantees and a number of other defendants to quiet his title and possession of the land. Judgment was rendered in his favor in this suit on the 15th day of December, 1916.

Upon the trial in the court below, the judge, after hearing the evidence, instructed the jury to return a verdict for the plaintiff for the land described in his petition, except that described in defendant's trial amendment, as to which he instructed a verdict for the defendant. The jury returned a verdict as instructed and judgment was rendered in accordance therewith.

Under appropriate assignments of error, appellant complains of the charge of the court instructing the jury to return a verdict in favor of the defendant for the land described in his trial amendment on the ground that the evidence shows that appellant was a bona fide purchaser of the land for value and without notice, actual or constructive, of appellee's claim of title thereto, or at least the evidence raises the issue of innocent purchaser, and that issue should not have been taken from the jury.

[1] We think these assignments should be sustained. The undisputed evidence shows that appellant paid value for the land both in money and services and that the judgment

for the land in favor of appellee against appellant's vendors, Reader and England, was not recorded in Anderson county until months after the power of attorney from Reader to appellant and the subsequent deeds from Reader and England to him were executed, and appellant testified that he had no notice of appellee's claim to the land at the time he purchased, and never heard of the judgment or suit in the United States District Court until after that time. It is not contended in the brief of appellee that the evidence conclusively shows that appellant had actual notice of appellee's claim at the time he purchased, or had knowledge of facts which should have put him on inquiry which if followed with reasonable diligence would have resulted in knowledge of appellee's claim; but the contention is that, because appellant and Bose Reader became joint owners of the land under the power of attorney and were jointly interested in the purchase from England, appellant was chargeable with notice of the facts in regard to the title of which Reader had knowledge. This contention cannot be sustained.

In the case of Garner v. Boyle, 97 Tex. 460, 79 S. W. 1066, our Supreme Court, in construing a power of attorney identical with the one in this case, held that such instrument was a conveyance of one-half of said land and took effect upon its delivery, and the services thereafter performed by the grantee under the contract constituted a valuable ·consideration sufficient to support the plea of innocent purchaser; such services having been rendered without any notice of the adverse claim.

Under this decision we think it clear that if appellant, at the time he took the deed from England and paid the consideration therefor, had no notice of appellee's claim, he obtained title as an innocent. purchaser to one-half of the 'land notwithstanding the fact that the purchase from England was also for the benefit of Reader, his joint owner under the power of attorney.

[2] The ·case of Smith v. Adams, 4 Tex. Civ. App. 5, 23 S. W. 49, is distinguishable from this, in that in that ·case Brooks, who purchased the land for himself and Smith and conducted all of the negotiations leading up to the purchase, had full knowledge of the adverse claim, and this court in holding that Smith was chargeable with knowledge of the facts known to Brooks only applied the general rule that notice to an agent is notice to his principal. It is manifest that this rule cannot be applied in this case. We also think the general rule that notice to one member of a partnership is notice to the other partner has no application. It is true that Reader and appellant were jointly interested in the purchase of the land from England and may be regarded as partners in· such purchase; but appellant, if he took the power of attorney without notice of appellee's claim, had by that instrument obtained title as against appellee to one-half of the land, provided he performed the services required of him by the contract before he acquired such notice. The title thus acquired by him could not be affected by Reader's knowledge of his want of title. If appellant thereafter purchased Reader's one-half without notice of appellee's claim, he has title to all of the land. .

The error of the court in taking the issue of notice from the jury and instructing a verdict for the defendant requires a reversal of the judgment. Having reached this conclusion, it become unnecessary for us to pass upon the other questions ,presented. If other errors are shown, they are not such as are likely to occur upon another trial and therefore need not be discussed.

For the error of the court .in instructing the jury to return a verdict for the defendant, the judgment is reversed, and the cause remanded.

Reversed and remanded.