## BALL v. NORTON. (No. 296-3580.)

(Commission of Appeals of Texas, Section A. March 22, 1922.)

**1. Judgment ⬤⇒766 — Entry of judgment by federal court not recorded in office of clerk of county in which land was situated not constructive notice.**

The rendition and entry of judgment affecting title to land was not constructive notice of its existence or contents, where judgment was not recorded in the clerk's office of the county in which the land was situated, under Rev. St. art. 6835, though judgment was rendered by federal court for the district and division in which the land was situated.

**2. Vendor and purchaser ⬤⇒232(2)—Essentials of "possession" operating as notice of adverse ownership stated.**

"Possession" to operate as implied notice of adverse ownership must be visible, open, notorious, and exclusive, and not merely a constructive possession.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Possession.]

**3. Vendor and purchaser ⬤⇒245—Whether defendant's possession was sufficient to give plaintiff notice of adverse ownership held for jury.**

Whether defendant had such possession of land as to give plaintiff, who claimed title as innocent purchaser, notice of defendant's adverse ownership, *held* for the jury.

Error to Court of Civil Appeals of First Supreme Judicial District.

Action by L. E. Norton against P. D. C. Ball. Judgment for defendant was reversed, and the cause was remanded by the Court of Civil Appeals (225 S. W. 581), and defendant brings error. Judgment of Court of Civil Appeals affirmed.

N. B. Morris, of Houston, and Brooks, Worsham & Rollins, of Dallas, for plaintiff in error.

Seagler & Pickett, of Palestine, and Carothers & Brown, of Houston, for defendant in error.

GALLAGHER, J. This is an action of trespass to try title brought by L. E. Norton against P. D. C. Ball to recover 867 acres of land out of the Palacious grant in Anderson county. Ball disclaimed as to all the land sued for except such as was included within a certain 792-acre tract described by metes and bounds in his pleadings, and which land he sought to recover by cross-action.

There was a trial by jury. The court instructed a verdict for Norton for all the land sued for except such as was described in Ball's cross-action and, as to such land, instructed a verdict for Ball. Verdict was rendered as instructed and judgment entered thereon. Norton appealed. The Court of Civil Appeals reversed the judgment and remanded the cause. 225 S. W. 581. Ball applied for writ of error and his application was granted by the Supreme Court.

Defendant in error deraigned title to the land sued for by him under William and Sallie Reader, who acquired title by limitation prior to the death of the survivor, Sallie Reader, which occurred January 8, 1908.

On September 12, 1910, Bose Reader, who held this limitation title, executed a deed of trust on the land to secure an indebtedness due to A. D. England. The lien given by this deed of trust was foreclosed in 1912 and the land sold under the foreclosure proceedings and purchased by said England. Some time thereafter, plaintiff in error brought suit in the United States District Court at Tyler in the Eastern District of Texas against Bose Reader and A. D. England and others, to recover various tracts of land, among which was the identical 792-acre tract sued for by him in his cross-action in this case. Judgment in that suit was rendered in favor of plaintiff in error against all the defendants therein for the lands sued for, including said 792 acres, and describing the same as in the cross-action in this case. This judgment was filed for record in Anderson county, October 25, 1916.

Bose Reader, on October 16, 1915, executed to defendant in error a power of attorney and conveyance authorizing him in the name of said Reader to recover from A. D. England and any other claimants, and to perfect the record title to said 867 acres by suit, or otherwise, and in consideration of the services to be performed by him and expenses to be incurred by him, including counsel fees, conveyed to him an undivided one-half interest in said premises. Acting in pursuance of the authority and in accordance with the provisions of this instrument, defendant in error, on April 3, 1916, in consideration of $875 paid by him, procured from England a deed to the land sued for herein. Defendant in error subsequently made an agreement by which he was to retain title to the entire tract of land and pay Reader a cash consideration for the other half, but it is not shown that any such consideration has been paid, or that Bose Reader has executed or delivered to him any conveyance of such equitable interest as he may have in said land growing out of the provisions of such power of attorney and conveyance.

Defendant in error testified that on March 20, 1916, he made an inspection of the land involved in this suit, and that at that date the land was not fenced, and that there was no one in possession thereof. He denied knowledge of any claim by plaintiff in error to such land and the existence of said judg-

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ment of the federal court, or of the suit in which it was rendered.

The Court of Civil Appeals held upon the above facts that as to an undivided one-half interest, at least, the evidence raised an issue of innocent purchaser for value, without notice, in favor of defendant in error, and that the trial court erred in instructing the verdict against him and made such holding the basis of its action in reversing the judgment and remanding the cause.

[1] Plaintiff in error seeks to justify the peremptory instruction in his favor on the ground that he was claiming under a judgment of the United States District Court for the Eastern District of Texas, and that defendant in error was charged with notice of such judgment without reference to whether it was recorded in the deed records of Anderson county.

Anderson county is situated in the Tyler division of the Eastern district of Texas. The judgment under consideration was rendered more than a year before plaintiff in error purchased the land. There is no contention that proceedings of any kind were ever instituted to revise said judgment, or that such proceedings were ever contemplated. After such judgment was entered on the minutes, nothing remained to be done to make it immediately effective as a muniment of title in favor of plaintiff in error. Such being the case, the doctrine of lis pendens could not be, at the time of such purchase, invoked to support a claim of notice of such judgment to any one dealing with the land. The fact that such judgment had been theretofore recovered and had been entered on the minutes of said court was not, at that time, constructive notice of either its existence or contents. Russell v. Farquhar, 55 Tex. 355, 361; McLean v. Stith, 50 Tex. Civ. App. 323, 112 S. W. 355, 362, on rehearing (writ refused); 21 Am. & Eng. Ency. Law (2d Ed.) pp. 618, 619; 2 Pom. Eq. Jur. (4th Ed.) §§ 634 to 641, inclusive; Worsley v. Scarborough, 3 Atk. 392.

Our system of registration was unknown to the common law. It is purely statutory. With reference to judgments affecting the title to real estate, it begins where the doctrine of notice by lis pendens ends and provides an easy and effective method of giving constructive notice of the right or title established by such judgment. Russell v. Farquhar, 55 Tex. 259–361;- 27 R. C. L. p. 705, § 470; 2 Pom. Eq. Jur. (4th Ed.) §§ 641, 642; 15 R. C. L. p. 587, § 23; Boynton v. Haggart, 120 Fed. 819, 823, 57 C. C. A. 301.

The statutes of this state provide that every judgment or decree by which the title of any tract of land is recovered shall be duly recorded in the clerk's office of the county in which such tract of land may lie, and that until so recorded such decree shall not be received in evidence in support of any

right claimed by virtue thereof. R. S. art. 6835. Our Supreme Court has held that this statute is for the protection of purchasers in good faith. Haines v. West, 101 Tex. 226, 231, 105 S. W. 1118, 130 Am. St. Rep. 839; Russell v. Farquhar, 55 Tex. 355, 360, 361; Thorton v. Murray, 50 Tex. 161, 167.

We are aware of a line of decisions holding that state statutes similar to articles 6837 to 6840 of our Revised Statutes, inclusive, requiring the filing of notice of the pendency of a suit involving title to real estate before the doctrine of lis pendens shall become effective, do not apply to suits in federal courts. However, the Circuit Court of Appeals of the United States for the Fifth Circuit, in the case of United States v. Calcasieu Timber Co., 236 Fed. 196, 149 C. C. A. 386, held the statute of Louisiana on that subject valid. Having held that notice by reason of the pendency of the suit at Tyler had been terminated before defendant in error purchased the land, it is not necessary to pass upon this question, notwithstanding the record is silent as to any attempt on the part of plaintiff in error to comply with such articles of our statutes.

The language used by the court in the case of United States v. Calcasieu Timber Co., supra, applies, we think, with even greater force to the validity of our statute requiring the recording of judgments recovered in the federal courts, and we therefore quote from the opinion in that case as follows:

"It is well settled that the acquisition and ownership of real estate and all the means by which the title to it is transferred from one person to another, whether by deed, by will or descent, or by judicial proceedings, and the construction and effect of all instruments intended to convey it, are governed exclusively by the laws of the country or state in which the property is situated, and that such laws of the several states, being rules of property, are binding upon and are to be applied by the federal courts. Brine v. Hartford Fire Ins. Co., 96 U. S. 627, 24 L. Ed. 858; McGoon v. Scales, 9 Wall. 23, 19 L. Ed. 545; Bucher v. Cheshire R. Co., 125 U. S. 555, 8 Sup. Ct. 974, 31 L. Ed. 795; Clarke v. Clarke, 178 U. S. 186, 20 Sup. Ct. 873, 44 L. Ed. 1028; Suydam v. Williamson, 24 How. 427, 15 L. Ed. 978; 1 Bates, Federal Equity Procedure, § 70."

We may concede that Congress, by appropriate legislation, could provide that the record of judgments in the minutes of the District Courts of the United States should be constructive notice of the existence and contents of such judgments, and that such legislation would be superior to and supersede any state law on the subject. Still, the fact remains that no such legislation has been passed by Congress. Our statute requiring the registration of judgments affecting the title to land in the county in which such land may lie, and the construction given the same by the courts of this state, are

rules of property and, we think, come within the rule of law declared by the court in United States v. Calcasieu Timber Co., supra. U. S. Compiled Stats. art. 1538.

We do not think the fact that the judgment in question was rendered in the federal court for the district and division in which the land was situated prevents the application of article 6835 of our Revised Statutes above cited.

Plaintiff in error seeks to justify the peremptory instruction in his favor on the ground that he was in possession of a part of the land sued for in his cross-action and had the same inclosed by a fence, and that this constituted notice of his title.

The evidence discloses that the land described in plaintiff in error's cross-action is in conflict with the land sued for by defendant in error to the extent of 300 or 400 acres.

Kennedy, a witness for Ball, testified to doing some fencing for him. He crossed the river from Freestone county and struck the Palacious grant in Anderson county. He ran a line of fence 15 or 18 miles long from the river to Campbell's Lake. This line of fence passed along or across the land sued for by Norton. Some of the fence was built by March 15, and it was completed several miles beyond these lands by April 1. The Hall-Barrett lands lie north or northwest of this line of fence, and the Ball lands lie south of it. The fence probably followed the line between these tracts. The fencing he built inclosed the Ball lands with other lands, but he did not close up the fence he built until the latter part of June. He did not know that it would be called an inclosure. He did not cut out any particular tract and did not fence the east or south lines of the Ball tract in issue in this suit.

Hall, a witness for Ball, testified that he was agent for Ball, who lived in St. Louis and had not been to the land since 1916 or 1917. He was familiar with the lands claimed by each of the parties to this suit. He, Barrett, and Cook, each had lands inclosed on the tract sued for by Norton. There were houses and other improvements on these lands, and 150 acres or more of the same were in cultivation and had been for several years. None of the lands inclosed and cultivated by them, or any of them, were on the tract claimed by Ball in his cross-action. They adjoined the Ball tract, and the fence built by Kennedy ran across the tract sued for by Norton on the line between the tracts claimed by them and the Ball tract for more than a mile. These fences were built about the middle of March. There was no testimony that there was any part of the tract claimed by Ball either fenced to itself, in cultivation, or otherwise improved. It was not shown that either Hall, Barrett, or Cook were claiming under the same title as Ball. Neither of them was a party to the suit. The statement of facts discloses that three separate maps were used by the witnesses in testifying and that they were introduced in evidence. These maps are not in the record. In their absence, it is very difficult to apply the evidence to the subject-matter of this suit.

Defendant in error testified that he did not find any of the lands included in the 867-acre tract, purchased by him, inclosed, or in cultivation, when he visited the premises on March 20, 1916. He denied all knowledge and notice of any kind of plaintiff in error's claim.

[2] Possession, to operate as implied notice of adverse ownership, must be visible, open, notorious, and exclusive, and not merely a constructive possession. 2 Pom. Eq. Juris. §§ 619 and 620, and notes; 39 Cyc. p. 1748, par. (d); Blankenship v. Douglas, 26 Tex. 225, 230, 82 Am. Dec. 608; Paris Grocer Co. v. Burks, 101 Tex. 106, 111, 112, 105 S. W. 174; League v. Buena Ventura Stock Co., 2 Tex. Civ. App. 448, 21 S. W. 307.

[3] The evidence fails to show such possession of the premises at the time defendant purchased the same as would justify the giving of a peremptory charge.

So far as the other contentions urged by plaintiff in error assert correct propositions of law, such propositions of law are inapplicable in this case, and such contentions are overruled.

The issues presented by defendant in error are controlled by the rules of law herein announced and the authorities herein cited, or are such as may not arise on another trial.

We recommend that the judgment of the Court of Civil Appeals reversing and remanding this cause be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.