LAURA BELLE CARROLL ET AL V. BEN B. HUNT, INDEPENDENT EXECUTOR.

No. 7956. Decided January 20, 1943.
Rehearing overruled February 24, 1943.
(168 S. W., 2d Series, 238.)

*T. F. Hunter,* of Wichita Falls, *R. A. Weinert,* of Seguin, *Vinson, Elkins, Weems & Francis, Tarlton Morrow, Charles I. Francis* and *Charles T. Pritchard, Jr.,* all of Houston, for petitioners.

*Charles T. Pricthard, Jr.,* of Houston, for petitioner Mrs. Laura Belle Carroll, on her motion to dismiss the application for writ of error.

On the proposition that petitioner has a right to dismiss her pending suit. Wheeler v. Fronhoff, 270 S. W. 887; Besteiro v. Besterio, 7 S. W. (2d) 124; Service Parts Co. v. Bizzell, 120 S. W. (2d) 919.

*Charles I. Francis,* of Houston, one behalf of the above named attorneys, as intervenors.

The court will not dismiss a case at the request of the petitioner where it appears that attorneys for the petitioner have an interest in petitioner's cause of action, as compensation for their services, object to the dismissal thereof. Seiter v. Marshall, (Smith) 105 Texas 205, 147 S. W. 226; Gibson v. Texas Pac. Coal & Oil Co., 266 S. W. 137; 3 Tex. Jur. 978.

*Emmett Shelton,* of Austin, for intervenors, Mrs. Hulen R. Carroll, mother-in-law of Mrs. Laura Belle Carroll, and Hulen R. Carroll, Jr., husband of Mrs. Laura Belle Carroll.

*Miller & Rutta,* of Columbus, *Powell, Rauhut & Gideon, J. A. Rauhut,* and *Ben H. Powell, Jr.,* all of Austin, for respondent, Hunt, as independent executor of the estate of Horace Hunt, deceased.

The right to a contingent fee is insufficient to authorize attorneys to continue a case in court against the will of their client. Central Natl. Bank v. Latham & Co., 22 S. W. (2d) 765; American Cotton Co. v. Simmons, 87 S. W. 842; Southern Surety Co. v. Bering Mfg. Co., 295 S. W. 337.

MR. PRESIDING JUDGE SMEDLEY delivered the opinion of the Commission of Appeals, Section B.

This cause is a proceeding under the provisions of Articles 3433, 3434 and 3435 of the Revised Civil Statutes of 1925, instituted by petitioner, Mrs. Laura Belle Carroll, joined pro forma by her husband, against Ben B. Hunt, independent executor of the estate of Horace H. Hunt, deceased, for the annulment of the will of said decedent. Mrs. Laura Belle Carroll is the only child and sole heir of Horace H. Hunt. Anulment of the will is sought on several grounds, one being that it provisions are contrary to the rule against perpetuities.

The county court sustained the will but on appeal the district court rendered judgment in all things annulling it. The Court of Civil Appeals overruled all objections made to the will, held that it was valid, reversed the judgment of the district court and remanded the cause with instructions to enter judgment denying petitioners the relief for which they prayed. 157 S. W. (2d) 429.

After application for writ of error, filed by Mrs. Laura Belle Carroll and her husband, was granted and the cause

submitted to this court, Mrs. Carroll filed a verified motion for dismissal of the writ of error, alleging that she and her husband have permanently separated, that he has refused to join her in the motion to dismiss and that it will be to her advantage "from a financial interest and otherwise, to have writ of error dismissed and the opinion of the Beaumont Court of Civil Appeals be sustained."

Vinson, Elkins, Weems & Francis and R. A. Weinert, attorneys at law, who represented Mrs. Carrol and her husband in the trial courts, in the appeals to the Court of Civil Appeals and this Court and in submitting the cause in this Court, have filed an answer praying for leave to intervene and opposing the motion to dismiss the writ of error. They allege that their contracts with Mrs. Carroll and her husband gave them interests in the cause of action. The contract between petitioners and Vinson, Elkins, Weems & Francis, which is in the form of a letter from Mr. and Mrs. Carroll to Mr. Francis, is as follows:

"4-11-40

"Mr. Chas. I. Francis
  "Houston, Texas

"Dear Sir:—

"For your legal services in contesting the will of H. H. Hunt, deceased, we agree to give you as compensation therefor 1/8 of the property recovered, such to be not less than $7,500 in a fair valuation, to be paid in cash or kind as we may agree at the time of recovery.

Yours truly,
Hulen Carroll, Jr.
Mrs. Laura Belle Carroll

"Accepted:—

"Chas. I. Francis."

It is not shown that written contract was made with Mr. Weinert. His contract, as alleged in the answer, is that Mr. and Mrs. Carroll employed him to assist Vinson, Elkins, Weems & Francis in conducting the litigation and that it was agreed by Mr. and Mrs. Carroll that, out of the proceeds recovered by them as a result of the annulment proceedings, they would pay him the sum of $1,000.00, plus actual and necessary expenses incurred by him in connection with said proceedings.

■ In our opinion neither of the contracts gave to the attorneys, or attorney, a present interest in the cause of action. By the written contract Mrs. Carroll agreed that, upon the successful termination of the litigation, she would pay the attorneys out of the estate a fee equal in value to one-eighth of the property but to be not less than $7,500.00, payment to be made in cash or in kind as the parties might then agree.

In determining the intention of the parties, the nature of the cause of action must be taken into consideration. It is a proceeding for anulment of the will after its admission to probate, authorized to be instituted and maintained by a "person interested in the estate." It is not a suit on a claim, not a suit for the recovery of debt or damages or property. The property belonging to the estate would not be recovered by or in the proceeding if successful. The annulment of the will would remove it as an obstacle to Mrs. Carroll's full enjoyment of the property inherited by her as sole heir of her father, the property passing to her by inheritance and not by or through the order in the annulment proceeding. Mrs. Carroll could not assign or transfer an interest in the cause of action unless at the same time she conveyed or assigned an interest in the property of the estate, for the right to institute and maintain the statutory proceeding is given, can belong, only to one interested in the estate.

The record shows that the greater part of the estate of Horace H. Hunt is real property. Mrs. Carroll, a married woman, was claiming to own that property by inheritance. We believe that if the parties had intended by the contract to vest in the attorneys a present interest in the estate they would have executed a written contract or other document with the formalities appropriate to an instrument affecting property separately owned by a married woman.

The contract does not purport to assign or convey a present interest. The fee or interest to be paid or given is "one-eighth of the property recovered" and consequently the intention seems to be that it is to be paid or given when the property is recovered, that is, upon the successful termination of the litigation. And the payment to be made is in consideration of services to be performed by the attorneys.

In Browne v. King, 111 Texas 330, 235 S. W. 522, D. F. and J. A. Acebo, who claimed to own certain land, executed a power

of attorney by which they authorized W. H. Browne to employ counsel and sue for the land, and provided that in consideration of his service in effecting its recovery there was granted to him one-half of the amount of land so recovered. Browne contended that the instrument gave him a present interest in the land. Chief Justice Phillip's opinion, holding that Browne did not acquire under the instrument a present interest, supports the conclusion that the written contract in this case did not give or convey, and was not intended to give or convey, to the attorneys a present interest in the property belonging to the estate. He said in part:

"The instrument executed by the Acebos and given Browne was not effective on delivery as a deed to one-half of the land. It conveyed no present interest. His interest was to be a future one. It was to be in the land when 'recovered,' and then only in consideration of the performance of his part of the contract. Except upon such performance he was to have no interest. Further action on his part was necessary—his recovery of the land for the grantors by the prosecution of a successful suit or amicable partition. There was no grant to him of an interest in the land under its existing status. The grant was an interest in the land 'so recovered,' revealing very plainly that his interest was to be effective only after the successful exercise of his agency. The necessity for future action on Browne's part as the condition for the vestiture of any interest in his favor, made the contract purely executory." See also Hazlett v. Harwood, 80 Texas 508, 16 S. W. 310; Taylor v. Taul, 88 Texas 665, 32 S. W. 866.

The facts and the contract in Spellman v. Bankers' Trust Company (U. S. C. C. A.) 6 Fed. (2d) 799 are very similar to the facts and the contract in this case. The suit was by an attorney who claimed to be an equitable assignee of a fractional share of a decedent's estate. The attorney's contract with the widow, who sought a greater interest in the estate than that given her by the will, was in substance that for his services she would pay him fifty per cent of whatever might be received by her from the estate in excess of what was left to her under the terms of the will, whether in money or in property, and that if recovery should be in property she would execute and deliver to him necessary deeds or assignments to vest in him the interest contemplated by the contract. It was held that the contract did not constitute a legal or equitable assignment of

any part of the widow's interest in the estate; that it was a contingent fee agreement which did not make the attorney the owner of an interest in the estate; and that "he was therefore not such a person who is interested in the estate itself, so as to entitle him to intervention and in his own name prosecute a suit for establishing an alleged interest in the estate."

■ Like the contract in that case, the contract here under consideration is an executory contract for a contingent fee which does not give the attorneys an interest in the estate and consequently does not entitle them to intervene for the purpose of maintaining the proceeding for the annulment of the will.

The language of the written contract indicates in other ways that the parties contemplated the future payment of a fee rather than the creation of a present interest in the cause of action. What is to be given or paid is not made certain at the time of the execution of the contract. It is not unconditionally one-eighth of what may be recovered. Because of the provision for a minimum of $7,500.00, the attorneys will receive that amount in money or property or they may receive more. The amount depends upon a fair valuation to be made, it must be inferred, after the property is recovered. By the terms of the contract the parties are to agree "at the time of recovery" whether payment to the attorneys shall be made in cash or in property, so that not until recovery and not until the parties agree will the medium of payment be determined.

■ The contract does not evidence an equitable assignment of funds or property belonging to the estate, because Mrs. Carroll, in executing it, did not surrender control over funds or property. "In order that an agreement for a contingent fee may operate as an equitable assignment, there must be in effect a constructive appropriation of so much of the amount to be recovered as will confer upon the attorney a complete and present right to receive the same without the further intervention of the client." 7 C. J. S. 1070, Sec. 187. See also Central National Bank v. Latham & Co., 22 S. W. (2d) 765, 767 (application for writ of error refused); Southern Surety Co. v. Bering Mfg. Co., 295 S. W. 337. Full control is not conferred upon the attorneys, by the terms of the contract, over a part of the funds or property of the estate with the right to receive the same without the further intervention of the client. It is provided that a fair valuation shall be made and further that

the attorneys and the client shall, at the time of recovery, agree whether the fee shall be paid in cash or in kind.

The following authorities are relied upon to support the request for leave to intervne: Galveston H. & S. A. Ry. Co. v. Ginther, 96 Texas 295, 72 S. W. 166; Seiter v. Smith, (Marschall) 105 Texas 205, 147 S. W. 226; Gibson v. Texas Pacific Coal Co. (Com. App.), 266 S. W. 137; Texas & Pacific Ry. Co. v. Vaughn, 16 Texas Civ. App., 403, 40 S. W. 1065; North Texas Traction Co. v. Clark & Sweeton, 272 S. W. 564. These authorities are not at variance with the general rule thus stated in Corpus Juris Secundum: "An executory agreement that the attorney shall receive a certain portion of what is recovered will not ordinarily give him any legal or equitable interest in the cause of action or claim prior to reduction to judgment, unless there is an express stipulation to that effect or unless an intention to assign an interest in the cause of action plainly appears." 7 C. J. S., p. 1069, sec. 187. In each of the cases last cited the court found in the language of the instrument evidence of an intention to assign an interest in the cause of action. For example in Galveston H. & S. A. Ry. Co. v. Ginther, 96 Texas 295, 300, 72 S. W. 166, the court said: "The instrument plainly expressed the intention to assign an interest in a cause of action of which a judgment or compromise was to be the measure, and the expression of this intention, in any language, was all that was required to make an assignment as contradistinguished from a mere agreement to pay so much as a contingent fee." The contract in this case contains no language expressing such intention.

There are other points of difference between those cases and this case. Each of them was a suit on a claim, that is, for debt or for damages. In such case the assignment of an interest in the claim or in the fund when recovered is of itself the expression of an intention to give the assignee an interest in the cause of action or reasonably evidences that intention. This case is not a suit for the collection of a claim. The judgment that would be rendered after its successful prosecution would not be the recovery of a fund.

The contracts or assignments construed in the case last above cited (possibly with one exception) contain words of present assignment or transfer, as, for example, "hereby assign" or "hereby transfer." There are no words of present assign-

ment, transfer or conveyance in the two contracts in this case. They promise to give a part of what may be recovered or to make payment in cash out of the proceeds recovered.

The contract construed in Wheeler v. Fronhoff, 270 S. W. 887, is in substance the same as the written contract in this case. B. Fronhoff, claiming to own an interest in property in the possession of H. Fronhoff, employed Wheeler and other attorneys to represent him in a suit to recover his interest. By the terms of a written contract it was agreed that the attorneys "are to have one-third of any sum of money or property or both or either that may be recovered or paid as a compromise of said suit for their services therein." It was held that the contract did not have the legal effect of transferring to the attorneys an interest in the cause of action and that they had no right to intervene in the suit for the purpose of prosecuting it on their own account.

Most of what has been said with reference to the contract between Mrs. Carroll and Vinson, Elkins, Weems and Francis has application also to Mrs. Carroll's contract with Mr. Weinert. In that contract Mrs. Carroll and her husband agreed to pay Mr. Weinert $1,000.00 and expenses "out of the proceeds recovered by them as a result of the annulment proceedings." It is an executory contract for a contingent fee which did not give him an interest in the cause of action prior to the termination of the litigation. We express no opinion as to the remedies available to the attorneys on account of the services rendered by them pursuant to the contracts.

■ Mrs. H. R. Carroll, mother-in-law of petitioner Mrs. Laura Belle Carroll, three other persons and a corporation, have filed a petition praying for leave to intervene and prosecute the suit to its final conclusion. They claim to have acquired interests in the cause of action from petitioner, Mrs. Carroll, who in an answer filed herein denies many of their allegations. The petition and a supplemental petiton contain statements that they are assignees of interests in the cause of action but there are no definite averments of the terms or even of the substance of the assignments. As to three of the claimants, the allegation is made that they have promissory notes executed by Mrs. Laura Belle Carroll and her husband "evidencing their interest in this lawsuit." As to another of the claimants, the corporation, the allegation is that Mrs. Laura Belle Carroll "promised

to pay it out of the recovery in this lawsuit." The allegations that these claimants are assignees of interests in the cause of action are conclusions of the pleader, and in our opinion the allegations of fact in the petition and supplemental petition, as a whole and when accepted as true, prove nothing more than that the claimants are creditors of petitioner, Mrs. Laura Belle Carroll, and that she has promised to make payment to them out of what she may recover.

The several petitions for leave to intervene are denied. The motion to dismiss filed by petitioner, Mrs. Laura Belle Carroll, is granted. The order heretofore entered granting the application for writ of error is set aside and the application for writ of error is dismissed.

Opinion adopted by the Supreme Court January 20, 1943.

Rehearing overruled February 24, 1943.