**ROBERSON et al. v. HUNT.**

No. 11393.

Court of Civil Appeals of Texas.
San Antonio.

March 15, 1944.

Grady Barrett, of San Antonio, for appellants.

Powell, Wirtz, Rauhut & Gideon, George W. Leonard, Jr., and J. A. Rauhut, all of Austin, for appellee.

MURRAY, Justice.

This is a plea of privilege case. W. B. Roberson and T. H. Haltom, doing business under the firm name of American Family Grocery, as plaintiffs, sued Hulen Carroll, Jr., and his wife, Laura Belle Carroll, and Ben B. Hunt, individually and as independent executor of the estate of Horace H. Hunt, deceased. The suit against the Carrolls was on a grocery account in the sum of $1,491.89, of which sum $750 was evidenced by a promissory note signed by the Carrolls. The suit against Ben B. Hunt was for damages in the sum of $2,000 for his alleged tortuous acts in coercing and persuading Laura Belle Carroll to dismiss her contest of her father's will after it had reached the Supreme Court on a writ of error. See Carroll v. Hunt, 140 Tex. 424, 168 S.W.2d 238. Hunt is also accused of conspiracy in this connection. Laura Belle Carroll and her husband had executed an agreement to pay plaintiffs out of the first money or property which she received from her father's estate. Hulen Carroll, Jr., resides in Bexar County, Laura Belle Carroll resides in Colorado County and Ben B. Hunt in Travis County. Hulen Carroll, Jr., and Laura Belle Carroll are separated and Mrs. Carroll secured a decree of divorce in the District Court of Colorado County, but Hulen Carroll, Jr., has taken an appeal from this judgment. Laura Belle Carroll filed a plea of privilege in this suit, but it was overruled by the Judge of the District Court of Bexar County, under the provisions of Subdivision 1 of Article 1995, Vernon's Ann.Civ. Stats., which provide, in effect, that a married woman is suable in the county of the residence of her husband. This ruling is conceded to be correct. The court granted the plea of privilege of Ben B. Hunt to be sued in Travis County, and from this order plaintiffs have prosecuted this appeal.

We have concluded that the plea of privilege was properly sustained. Venue

herein in Bexar County as to Ben B. Hunt could not be sustained under subdivision 4 of Article 1995, Vernon's Ann.Civ.Stats. The only cause of action alleged against Hulen Carroll, Jr., is on the note and account. He is the only resident defendant. The record affirmatively shows that Hulen Carroll, Jr., refused to join his wife in moving to dismiss her contest of her father's will. This fact is stated in the Supreme Court opinion in Carroll v. Hunt, 140 Tex. 424, 168 S.W.2d 238. There is no connection between the cause of action alleged against Hulen Carroll, Jr., and Ben Hunt. The fact that Laura Belle Carroll was suable in Bexar County under said Subdivision 1 does not make her a resident defendant. Therefore the only subdivision of the venue statute that appellants can hope to rely upon here is Subdivision 29a.

Under all the allegations and facts shown in the record, the most that can be said is that Laura Belle Carroll and Ben B. Hunt were joint tort feasors. It has been definitely held that one joint tort feasor is not a necessary party in a suit against another tort feasor. Tarrant v. Walker, 140 Tex. 249, 166 S.W.2d 900; Moreland v. Leslie, 140 Tex. 170, 166 S. W.2d 902.

There is still another reason why we feel the plea of privilege was properly sustained. The tort or conspiracy with which Hunt is charged is forcing or persuading Laura Belle Carroll to dismiss her contest of her father's will. The Beaumont Court of Civil Appeals had written an opinion holding that the will was valid and rendered judgment upholding it. Hunt v. Carroll, Tex.Civ.App., 157 S.W.2d 429. The Supreme Court had granted a writ and, of course, when Laura Belle Carroll voluntarily dismissed this writ the judgment of the Beaumont Court became final and the will of her father thereby given effect.

It was the duty of Ben B. Hunt, as independent executor of the will, to defend the will to the best of his ability. If he had done less he would have been false to his trust. If he could persuade his adversary to desist from suing him it was his duty to do so. There is nothing improper in his paying some five hundred dollars to Laura Belle Carroll's lawyer (Charles T. Pritchard, Jr., who filed the motion in the Supreme Court to dismiss her contest of her father's will) to get rid of this litigation. Whether or not he could pay it out of the trust funds of the estate is a matter to be decided elsewhere, certainly not in the suit at bar. It seems to us that, in effect, appellants are saying to Ben Hunt: If you had not been so diligent in defending the trust funds in your hands we might have been able to collect our debt out of those trust funds.

The judgment is affirmed.